THOMAS GARRETT *vs*. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Plymouth. December 6, 1984. — April 3, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH & O'CONNOR, JJ.

*Employment Security,* Judicial review. *Rules of Civil Procedure. Words,*
"Filing."

A petition for review of a decision of the board of review in the Division
of Employment Security, which was sent by certified mail to the clerk
of a District Court within the thirty-day appeal period prescribed by
G. L. c. 151A, § 42, but which was not received by the clerk until after
the appeal period had expired, was deemed to have been filed in accord-
ance with Mass. R. Civ. P. 77 (c) as of the date of its receipt, and
consequently, a judge of the District Court correctly dismissed the peti-
tion as untimely. [419-420]

CIVIL ACTION commenced in the Wareham Division of the
District Court Department on October 25, 1983.

The case was heard by *Baron H. Martin,* J.

The case was submitted on briefs.

*John M. Coyne* for the employee.

*Willie Ivory Carpenter, Jr.,* Assistant Attorney General, for
Director of the Division of Employment Security.

O'CONNOR, J. General Laws c. 151A, § 42, as appearing
in St. 1983, c. 451, § 10, provides in part: "The director or
any interested person aggrieved by any decision in any proceed-
ing before the [Division of Employment Security] board of
review may obtain judicial review of such decision by filing,
within thirty days of the date of mailing of such decision, a
petition for review thereof in [an appropriate] district court
. . . ." This case presents the question whether the requirement
that a petition for review be *filed* within thirty days of the date
of mailing of the board's decision is met when the petition is
sent by certified mail to the clerk of the District Court within the

thirty-day period but is not received by the clerk until after the appeal period has expired.

The plaintiff had appealed to the board of review from a decision of a review examiner denying his claim for unemployment benefits. The board denied his application for review, making the review examiner's decision final. The board's decision was mailed to the plaintiff on September 23, 1983. Thirty days from that date was October 23, 1983, a Sunday. General Laws c. 4, § 9, provides that when the last day for performing an act falls on a Sunday, unless the act is specifically authorized to be performed on a Sunday, it may be performed on the next succeeding business day. Thus, the appeal period for filing a petition for review of the board's decision expired on Monday, October 24, 1983. On that day, the plaintiff sent, by certified mail, a petition for review of the board's decision to the clerk of the Wareham District Court. The clerk received and entered the petition on October 25, 1983.

The Director of the Division of Employment Security (Director) filed a motion to dismiss the petition, asserting that the plaintiff had failed to comply with the statutory requirements for obtaining judicial review because the petition was not filed within the thirty day period. On February 22, 1984, a judge of the District Court allowed the motion and dismissed the petition. The plaintiff appeals directly to this court pursuant to G. L. c. 151A, § 42. We affirm.

The plaintiff argues that a petition that is mailed to the clerk of a district court within the thirty-day appeal period should be deemed filed within that period. In support of his position, the plaintiff relies on a provision in G. L. c. 151A, § 42, which states: "Except as otherwise provided in this section, . . . [an appeal in a District Court] shall be governed by the Rules of Civil Procedure for the district courts . . . ." The plaintiff argues that under those rules his petition was timely filed. Specifically, the plaintiff relies on Mass. R. Civ. P. 3 and 81 (d), applicable to the District Courts and Municipal Court of Boston. Rule 3, as amended, 385 Mass. 1213 (1982), provides in part: "A civil action is commenced by (1) *mailing* to the clerk of the proper court by certified or registered mail a

complaint and an entry fee prescribed by law, or (2) *filing* such complaint and an entry fee with such clerk" (emphasis added). Rule 81 (d), 365 Mass. 841 (1974), provides: "In applying these rules to any proceedings to which they apply, the terminology of any statute which also applies shall, if inconsistent with these rules, be taken to mean the analogous device or procedure proper under these rules."

The plaintiff argues that, to the extent the requirements for commencing an appeal under G. L. c. 151A, § 42, differ from the requirements for commencing an action under the Massachusetts Rules of Civil Procedure, rule 81 (d) requires the application of the analogous procedure under the rules. He contends that the word "filing" as used in the statute is analogous to commencing an action under the rules. Thus, he argues, the rules allow "commencement" of his appeal *either* by filing the petition *or* by mailing it by certified or registered mail. We disagree.

The plaintiff misconstrues the effect of rule 81 (d). The plaintiff's interpretation of that rule would make the rules of civil procedure paramount to the express intent of the Legislature. That is not the purpose of the rule. "Rule 81(d) covers cases in which an applicable statute uses terminology which, although analogous to appropriate language of these rules, departs from it somewhat. The rule makes clear that the *intent of the statutory wording* should be effectuated through the comparable language of the rules" (emphasis added). Reporters' Notes to Mass. R. Civ. P. 81 (d), Mass. Ann. Laws, Rules of Civil Procedure at 701 (1982). See, e.g., *Guardianship of Bassett*, 7 Mass. App. Ct. 56, 65-67 (1979). In that case, a statute provided that certain actions in the Probate Court be commenced by petition and notice. The rules of civil procedure, however, which apply to Probate Court proceedings seeking equitable relief, require that all civil actions be commenced by a complaint and summons. The Appeals Court, relying in part on rule 81 (d), concluded that because the statute expressly required commencement of an action by petition and notice, a complaint and summons were not also necessary to invoke the court's equity power.

In this case, the legislative intent is clear. General Laws c. 151A, § 42, unambiguously requires that a petition for judicial review be *filed* within the thirty-day period. Therefore, unless the word "filing" in G. L. c. 151A, § 42, is deemed to encompass mailing of a petition, the plaintiff's appeal was not timely.

We have previously observed that it is difficult to assimilate the act of mailing to the act of filing. See *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 78 (1975). In addition, rule 3, by providing for commencement of an action *either* by filing *or* by mailing a complaint, suggests that filing and mailing are two distinct concepts. In determining when the plaintiff's petition should be deemed to have been filed, the rules of civil procedure do apply. Rule 77 (c) provides that any paper received by a clerk, whether by mail or by hand, shall be deemed filed as of the date of *receipt*. Thus, the plaintiff's petition was not filed until it was received by the clerk on October 25, 1983, one day after the appeal period expired.

The "attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule" is viewed as being "so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal." *Schulte* v. *Director of the Div. of Employment Sec., supra* at 79. The order of the District Court dismissing the plaintiff's petition is affirmed.

*So ordered.*