RAY HARPER & others, trustees,[1] *vs.* DIVISION OF WATER
POLLUTION CONTROL & another.[2]

Barnstable. February 6, 1992. - April 15, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ

*Rules of Civil Procedure. Administrative ·Law,* Judicial review. *Words,*
"Commenced," "In the court."

A proceeding for judicial review of a decision of the Division of Water
Pollution Control was not "commenced in the court" within the thirty-
day period prescribed by G. L. c. 30A, § 14, and thus was correctly
dismissed as untimely by a judge of the Superior Court, where the com-
plaint was sent by certified mail to a clerk of the Superior Court within
the statutory time period, but was not received and filed in the clerk's
office until one day after the period had expired. [465-467]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 23, 1990.

Motions to dismiss were heard by *John M. Xifaras,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Pamela Talbot,* Assistant Attorney General, for the Divi-
sion of Water Pollution Control.

*Barry S. Fischer* (*James B. Fox* with him) for Sybil Sha-
raf, trustee.

*Gregory M. Downs,* for the plaintiffs, submitted a brief.

WILKINS, J. The plaintiffs appeal from a judgment that
dismissed their action on the ground that it had not been
commenced within the time prescribed by statute. We affirm
the judgment.

---

[1]Robert Robohm, Richard Schofield, Suzanne Miller, Kent Nichols,
Thomas Pearse, Peter Sutkovoy, and Nello Traverso, trustees of Schooner
Village Trust.

[2]Sybil Sharaf, trustee of Misha Realty Trust.

In October, 1986, the defendant trust (Misha) applied to the defendant Division of Water Pollution Control (division) for a ground water discharge permit for a sewage treatment facility. The division denied the application. On Misha's appeal, an administrative law judge reversed the denial, and the division adopted that decision as its final decision.[3] The plaintiffs received notice of the division's final decision on September 22, 1990. On October 20, 1990, the complaint in this action was sent by certified mail to the clerk of the proper court. The clerk's office did not receive the complaint until October 23, thirty-one days after the plaintiffs' receipt of the division's final decision.

"Proceedings for judicial review of an agency decision shall be instituted in the superior court . . . ." G. L. c. 30A, § 14 (1) (1990 ed.). "The action shall . . . be commenced in the court within thirty days after receipt of notice of the final decision of the agency . . . ." *Id.* Although the complaint was mailed within thirty days of the plaintiffs' receipt of notice of the final decision, it was not filed in the clerk's office until thirty-one days after that date.

A Superior Court judge ruled that the complaint had to be filed within thirty days of notice and that the action was not "commenced in the court" within the meaning of § 14 (1) by the mailing of the complaint within thirty days of notice. He rejected, as we do, the plaintiffs' argument that the mailing commenced the action in court. The plaintiffs contend that, under Mass. R. Civ. P. 3, as amended, 385 Mass. 1215 (1982), an action is commenced either by filing the complaint and an entry fee with the clerk or by "mailing to the clerk . . . a complaint and an entry fee." They argue that we should read the concept of rule 3 into § 14 (1).

We are concerned with a statutory appeal period. A rule of court cannot override a contrary statutory provision concerning the manner and time for the effective taking of an appeal from an administrative agency. See *Garrett* v. *Direc-*

---

[3]The agency decision stated that "[t]he complaint [on any appeal] must be filed in the Court within thirty days of receipt of this decision."

*tor of the Div. of Employment Sec.*, 394 Mass. 417, 418-419 (1985); *Wood* v. *Wood*, 369 Mass. 665, 668 (1976); Mass. R. Civ. P. 82, 365 Mass. 843 (1974). In saying that "the action shall . . . be commenced in the court," the Legislature intended that the complaint be filed within thirty days after receipt of notice of the agency decision. The Appeals Court has said that there must be a filing within the thirty-day period. See *Wolbach* v. *Beckett*, 20 Mass. App. Ct. 302, 308 (1985); *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668, 669 (1984). In those opinions, however, the issue that confronts us here was not presented.

The plaintiffs rely on the 1976 amendment of § 14 (1) that replaced the word "filed" with the word "commenced" and made no other change in the relevant sentence. Compare St. 1976, c. 411, § 1, with St. 1973, c. 1114, § 3. They argue that the word change must have been intended to have some purpose and that the only possible purpose was to conform the statute to provisions concerning the commencement of an action that had been recently adopted in Mass. R. Civ. P. 3. However, the words "in the court" were left in § 14 (1) when it was amended. To accept the plaintiffs' argument we would have to deny significance to the continued presence in § 14 (1) of the words "in the court." On the other hand, to accept the defendants' argument we would have to deny substantive significance to the 1976 amendment.[4]

We grant that the meaning of § 14 (1) is not crystal clear because the apparent purpose of the 1973 and 1976 acts was to conform statutory procedures to the Massachusetts Rules

---

[4] There may be an explanation for replacing the word "filed" with the word "commenced," while nevertheless retaining in § 14 (1) the words "in the court." As initially enacted in 1954, § 14 (1) provided that an appeal was to be instituted "by the filing of a petition for review in the superior court." See G. L. c. 30A, § 14 (1), inserted by St. 1954, c. 681, § 1. A 1973 amendment replaced the reference to a petition for review with the current nomenclature of a civil action. See St. 1973, c. 1114, § 3, inserting a new G. L. c. 30A, § 14. Petitions and complaints, tangible items, are filed in court. A civil action is not as easily treated as "filed" in court as it is viewed as "commenced" in court. The 1976 change may thus have been simply cosmetic.

of Civil Procedure. We are torn, as we have said, between attributing some purpose to the 1976 amendment, on the one hand, and giving effect to the words "in the court," on the other. In such a situation, the explicit words of the statute must prevail. On its face, § 14 (1) contemplates that the clerk must receive the complaint (or a document called an appeal) within thirty days of the receipt of notice of the agency decision. Our interpretation of § 14 (1) tends to reduce the uncertainty in determining the time at which an agency decision may be treated as conclusive on the matters decided.[5]

We have decided this case on the issue argued in the plaintiffs' brief. We do not reach the defendant Misha's claim that, because the division sought reconsideration of the agency decision, the plaintiffs' purported appeal, which was entered before final action on the motion for reconsideration, is a premature nullity.[6] Section 14 (1) provides that "if a petition for rehearing has been timely filed with the agency" (apparently by anyone), the action "shall . . . be commenced in the court" within thirty days of notice of action on the petition for rehearing. Also, we do not deal with the suggestion, raised here first in the plaintiffs' reply brief, that their appeal, although premature with respect to the agency decision on reconsideration, is not a nullity. See, for rules procedure but not for statutory procedure, Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985), which provides that a notice of appeal filed before the disposition of a timely motion for a new trial (and of certain other listed motions) "shall have no effect" and that "the time for appeal for all parties

[5]The Massachusetts Rules of Appellate Procedure similarly limit the time for taking appeals in civil actions and require the filing of a notice of appeal (and not the mailing of a notice) within a prescribed time. Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985).

[6]The record shows that, after the acting director of the division adopted the decision of the administrative law judge as her final decision, the division seasonably moved for reconsideration before the administrative law judge, a course that the final decision stated was authorized pursuant to 310 Code Mass. Regs. § 1.01 (10)(p) (1986).

shall run from the entry of the order denying a new trial" (or action on those other motions).

*Judgment affirmed.*