Sosman, J.
Defendant has moved to dismiss Count I and Count IV of plaintiffs complaint on the ground that the complaint was untimely filed with respect to those claims in the nature of certiorari.
An action in the nature of certiorari “shall be commenced within sixty days next after the proceeding complained of.” G.L.c. 249, §4. Defendants contend that the decision complained of (the denial of approval for construction in a wetlands area) was made on July 21, 1998. This action was commenced by mailing the complaint and entry fee to the clerk of this court via certified mail on September 21, 1998. Mass.R.Civ.P. 3. Allowing for the computation of time as provided by Mass.R.Civ.P. 6(a), the case was “commenced” on the final day of the sixty-day period.
Defendants contend that, for purposes of an action in the nature of certiorari, the complaint must be physically filed in the clerk’s office by the sixtieth day and that the commencement of an action by certified mailing does not suffice. The present complaint was not received by the clerk until September 25, 1998, which would be beyond the sixty-day time period. Defendants’ argument relies on Harper v. Division of Water Pollution Control, 412 Mass. 464 (1992), in which the court held that proceedings for judicial review of agency decisions under G.L.c. 30A had to be commenced by actual filing with the court within thirty days after notice of the agency decision. In Harper, however, the court’s determination that the normal Rule 3 certified mail alternative for “commencement” of a civil action was not sufficient was based on the specific language in G.L.c. 30A, §14(1) that required such actions to be “commenced in the court” within the specified thiriy days. The court, having to ascribe some meaning to the words “in the court,” interpreted that statute to require actual physical filing with the court. If the statute providing for judicial review was contrary to the provisions of the Rules of Civil Procedure, the statute had to govern.
The statute providing for actions in the nature of certiorari does not have any comparable qualifier with respect to the time in which an action must be “commenced." The statute simply provides that “[sjuch action shall be commenced within sixty days next after the proceeding complained of.” G.L.c. 249, §4. Unlike Harper, there is no indication that the normal definition for “commencement” of an action provided by the Rules of Civil Procedure will not apply. Defendants point to the first sentence of the statute, which specifies that actions in the nature of certiorari “may be brought in the Supreme Judicial or Superior Court.” G.L.c. 249, §4. That sentence merely specifies the courts that have jurisdiction over such matters. The second sentence of the statute, which sets the time limit for such actions, does not repeat anything about any “court” or otherwise signal any deviation from the customary practices and time computations provided by the Rules of Civil Procedure. Given that the court in Harper viewed the issue as a close question (412 Mass. at 466-67), there is no reason to read Harper expansively as applying to a statute that contains no arguable deviation from the normal practice under the rules.
Beyond the statutory issue, there is considerable merit to plaintiffs alternative argument. The time in which to commence an action for certiorari runs from the date of the “proceeding” being challenged. It is not clear (and is indeed hotly disputed) that the “proceeding” being challenged here was actually concluded on July 21, 1998. The public hearing on plaintiffs application was held on July 21. However, at the conclusion of that July 21 hearing, the hearing was formally closed by motion prior to any decision being rendered. After the motion to close the hearing was made, seconded and voted on favorably, the Chairperson announced, “Thank you, we’ll make our decision in two weeks.” The transcript of the proceedings then reflects that “the proceedings were adjourned at 10:37 p.m.” The transcript stops at that point, with no indication that any proceedings were reopened in any way later on that night.
However, the Minutes of the July 21 meeting (which were presumably drafted later and approved at some subsequent meeting) reflect that after the proceedings were formally adjourned (and presumably after the applicant had left, with the announcement that the decision would be made two weeks hence), there was some concern amongst the Commission members that there might not be a quorum present at the next scheduled meeting. The Commission then “voted to deny the project.” According to the minutes, “(t]he vote was taken in the event there would not be a quorum present at the next meeting.” The minutes then reflect that “(t]he language will be approved at the next meeting.” After that ostensible “vote,” the minutes state that “(t]he meeting adjourned at 10:55 p.m.”
The written decision was not approved and issued until August 10, 1998. The decision itself, as sent to the applicant, recites: ‘This Order is issued and delivered as follows: ... by certified mail, return receipt requested on August 10, 1998.” Attached to that Order is a signature page setting forth the Commissioners’ signatures, the statement that “[t]his Order must be signed by amajority of the Conservation Commission,” and the statement of the Notary that the “foregoing instrument” was executed by “Joyce A. Miller” (the Chairperson) on July 21, 1998. The Order says nothing as to when the other signatures were placed there and, to the extent that the “Order” was signed by anyone on July 21, 1998, those Commission members were signing a blank document. The signature page itself does not contain any indication of whether the application was being approved or rejected, and it *383 could not have been attached to anything at that time. There was no “foregoing instrument” that could have been executed on July 21, just a blank signature page to be attached to some unspecified “Order” that had yet to be drafted. Whatever “vote” was taken as a precaution on July 21 after that evening’s “proceedings were adjourned,” there was no “Order” issued until the signature page got attached to some substantive decision of the Commission. At best, the Order that was issued on August 10 is ambiguous as to its date, ascribing July 21 as the date on which one Commissioner (the Chairperson) signed a signature page (that was blank as to any substantive decision and could not have been attached to anything at the time) and ascribing August 10 as the date on which the Order was “issued and delivered." Although the Commission now takes the position that the “proceeding” complained of was concluded on July 21, there were further proceedings in this matter, which at least arguably did not conclude until August 10.
Given the ambiguity as to date in the Order itself, the discrepancy between the verbatim transcript of the July 21 meeting and the later Minutes of that July 21 meeting, and the Commission’s announcement that its decision would not be made until “two weeks” after the July 21 meeting, there is a dispute as to when this particular "proceeding” actually concluded. That issue could not be resolved from the pleadings alone, and the motion to dismiss would have to be denied on that alternative ground. Because of the court’s ruling that this action was “commenced” on September 21, 1998, and that that would be timely for purposes of an action in the nature of certiorari even if the “proceeding” in question concluded on July 21, 1998, the dispute as to whether the time in which to file did or did not begin to run on July 21, 1998 will not need to be decided.
For the foregoing reasons, defendants’ motion to dismiss is DENIED.