## Town of Falmouth *vs.* Civil Service Commission & another.[1]

No. 04-P-116.

Suffolk. December 8, 2004. - September 28, 2005.

Present: Perretta, Smith, & Trainor, JJ.

Further appellate review granted, 445 Mass. 1106 (2005).

*Administrative Law,* Proceedings before agency. *Civil Service,* Decision of Civil Service Commission, Police. *Municipal Corporations,* Police. *Police,* Suspension. *Police Officer.*

Where a police officer appealing his suspension mailed his notice of appeal to the Civil Service Commission (commission) within the ten-day period established by G. L. c. 31, § 43, for filing such appeals, but the commission did not mark the notice of appeal as having been received until after the ten-day period had passed, the appeal was untimely and the commission lacked jurisdiction to hear it, because the statute contained no specific language authorizing the commission to treat the date of mailing the notice of appeal as the equivalent of the filing date. [608-610]

Civil action commenced in the Superior Court Department on July 19, 2001.

The case was heard by *Patrick F. Brady,* J., on motions for judgment on the pleadings.

*Tim D. Norris* for the plaintiff.

*Brian Jay Rogal* for Mark Deutschmann.

Trainor, J. The town of Falmouth appeals from the Superior Court's judgment affirming a decision of the Civil Service Commission (commission) to modify defendant Officer Mark Deutschmann's suspension from the Falmouth police department from 180 days to sixty days. The town argues that the commission lacked jurisdiction to hear Deutschmann's appeal

---

[1]Mark Deutschmann.

because the appeal was untimely. We agree and, consequently, reverse the judgment.[2]

In November of 1998, the town notified Deutschmann that it was contemplating disciplinary action against him based on a complaint made by a juvenile concerning his on-duty conduct in July of 1998. The town subsequently charged Deutschmann with the use of unnecessary force, conduct unbecoming an officer, discourtesy, and false arrest. After a disciplinary hearing conducted pursuant to G. L. c. 31, § 41, the town notified Deutschmann that these charges had been sustained. The parties do not dispute that Deutschmann received, in hand, the written disciplinary decision of the appointing authority on December 7, 1998. The decision suspended him for 180 days.

A person aggrieved by a decision of the appointing authority made pursuant to G. L. c. 31, § 41, may appeal to the commission. General Laws c. 31, § 43, amended by St. 1981, c. 767, § 20, provides in pertinent part that if such a person "shall, within ten days after receiving written notice of such decision, appeal in writing to the commission, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission. Said hearing shall be commenced in not less than three nor more than ten days after filing of such appeal." Deutschmann filed an appeal with the commission by letter dated December 17, 1998. The commission stamped the notice of appeal as being received on December 23, 1998. The town moved to dismiss Deutschmann's appeal on the basis of untimeliness. The commission denied the town's motion and heard the matter on two dates in June, 2000, and December, 2000.

The parties agree that ten days from the date of receipt of the written notice of the decision, exclusive of Saturdays, Sundays, and holidays, was December 21, 1998. The town argues that, because the notice of appeal was received by the commission two days after the December 21, 1998, deadline, the appeal was untimely and should have been dismissed. Deutschmann

[2]Because of our conclusion that Deutschmann's appeal was untimely, we do not address the merits of the town's other asserted grounds for appeal.

contends that the commission's postmark rule[3] governs the determination of when the appeal is considered to have been filed and that, because the letter was dated December 17, 1998, and was accepted by the commission, it was "without doubt" postmarked on December 17, 1998. Neither the commission nor the judge made specific findings regarding evidence of an actual postmark date on the envelope containing Deutschmann's appeal. We must assume that both the commission and the judge determined that the appeal had been postmarked prior to the statutory deadline.[4] A postmark of December 17, 1998, pursuant to the postmark rule, would mean that the appeal had been timely filed before the December 21, 1998, deadline.

We must determine only whether the commission's postmark rule is applicable to the filing of an appeal pursuant to G. L. c. 31, § 43. Because Deutschmann's appellate remedy is one created by statute, the statute alone determines the procedural requirements necessary to effect an appeal. See *Assessors of Boston* v. *Suffolk Law Sch.*, 295 Mass. 489, 492 (1936); *Old Colony R.R.* v. *Assessors of Quincy*, 305 Mass. 509, 511-512 (1940).

The statute here describes those who are entitled to its benefits, the forum in which an appeal must be brought, the nature and makeup of the proceeding, and the time and manner within which it must be commenced. When, as here, "a remedy has been created by statute and the time within which it must

---

[3]Rule 2.4(a) of the Massachusetts Civil Service Commission Rules of Practice and Procedure (1981) provides in pertinent part:

"(a) Timely Filing. Papers required or permitted to be filed under these regulations or any provision of applicable law must be filed at the Commission office, or such other place as the Presiding Officer shall designate, within the time limits for such filing established by law or by Commission rule.

"Papers filed in the following manner shall be deemed to be filed as set forth herein:

" . . .

"(3) Mailing. Papers placed in the U.S. mail shall be deemed filed on the date [so] postmarked."

[4]The town does not argue this issue on appeal and appears to have conceded the date of the postmark.

be pursued is one of the prescribed conditions under which it can be availed of, the [commission] has no jurisdiction to entertain proceedings for relief begun at a later time." *Cheney* v. *Assessors of Dover*, 205 Mass. 501, 503 (1910). If the requirements of the statute are not specifically followed, the aggrieved person loses the benefit of the remedy. Generally, the act of mailing is not equated to the act of filing. *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 78 (1975). *Garrett* v. *Director of the Div. of Employment Sec.*, 394 Mass. 417, 420 (1985).[5] If, therefore, the date of mailing is to be the controlling date, explicit language of such legislative intent is required in the language of the statute. See *Assessors of Salem* v. *State Tax Commn.*, 371 Mass. 410, 412 (1976); *Tilcon Mass., Inc.* v. *Commissioner of Rev.*, 30 Mass. App. Ct. 264, 269 (1991). The statute here contains no such specific authorization.

Notwithstanding the unequivocal requirements of G. L. c. 31, § 43, Deutschmann argues that the Legislature delegated to the commission the necessary authorization to alter the statutory time limit. General Laws c. 31, § 2(*g*), amended by St. 1981, c. 767, § 11, states: "In addition to its other powers and duties, the commission shall have the following powers and duties: . . . To adopt such rules of procedure as necessary for the conduct of its proceedings." Deutschmann relies entirely upon Rule 2.4(a)(3) of the Massachusetts Civil Service Commission Rules of Practice and Procedure (1981) as authorization to allow the commission to assume jurisdiction in this matter. We do not agree. General Laws c. 31, § 2(*g*), is more appropriately read to authorize the promulgation of rules applicable to proceedings

[5]The Massachusetts Rules of Civil Procedure make similar distinctions between filing and mailing. Compare Mass.R.Civ.P. 5(b), 365 Mass. 745 (1974), with Mass.R.Civ.P. 5(e), 365 Mass. 746 (1974). Generally, filing is understood to require physically placing the paper in the clerk's (or judge's) custody. Smith & Zobel, Rules Practice § 5.9, at 147 (1974). Rule 3 of the Massachusetts Rules of Civil Procedure, as amended, 385 Mass. 1215 (1982), allows the commencement of a civil action to be accomplished either by mailing or by filing. These distinctions clearly indicate that mailing and filing are not equivalent concepts. Specific authority in the rules is required to complete a filing by mailing. However, regardless of contrary authorization, a filing can always be completed by placing the paper in the hands of the clerk. Similarly, Mass.R.A.P. 13(a), as amended, 406 Mass. 1601 (1990), allows filing to be accomplished by mailing, but the filing is completed only upon receipt by the clerk.

for which the commission has already properly taken jurisdiction, rather than as authorizing rules for determining when the commission takes jurisdiction. "[I]n the absence of statutory authorization, the commission through its civil service hearing rules cannot modify the statutorily prescribed time limits for filing petitions for review." *Curley* v. *Lynn*, 408 Mass. 39, 41-42 (1990). We have concluded that no such statutory authorization has been demonstrated here. The commission cannot redefine the statutory term "appeal in writing" to mean "postmark" when "appeal in writing" would not ordinarily be interpreted to contemplate mailing as the equivalent of filing. The determination of the commission's jurisdiction is left exclusively to the statute. See *Assessors of Marlborough* v. *Commissioner of Rev.*, 383 Mass. 876 (1981); *Tilcon Mass., Inc.* v. *Commissioner of Rev.*, *supra* at 269.

The judgment is reversed, and the case is remanded to the Superior Court for the entry of a new judgment ordering the Civil Service Commission to vacate its decision and enter a new decision dismissing Deutschmann's appeal as untimely.

*So ordered.*