Pavian, Inc. *vs.* Robert Hickey, Jr., & another.[1]

No. 06-P-227.

Barnstable. June 7, 2007. - October 11, 2007.

Present: Cowin, Smith, & Sikora, JJ.

Further appellate review granted, 450 Mass. 1104 (2007).

*Practice, Civil,* Appeal. *Administrative Law,* Judicial review, Primary jurisdiction.

The board of review (board) of the division of unemployment assistance lacked jurisdiction to consider an employee's appeal from a review examiner's adverse determination on the employee's claim for unemployment benefits, where the appeal was not received by the board within the limitations period set forth in G. L. c. 151A, § 40, and where application of the postmark rule, 801 Code Mass. Regs. § 1.01(4)(b), would confer on the board jurisdiction not legislatively intended. [479-483]

CIVIL ACTION commenced in the Orleans Division of the District Court Department on September 23, 2005.

The case was heard by *Robert A. Welsh, Jr.,* J.

*John C. Creney* for the plaintiff.

*David Hadas,* Assistant Attorney General, for Division of Unemployment Assistance.

Cowin, J. The plaintiff, Pavian, Inc. (employer), appeals from a judgment of the District Court affirming a decision of the board of review (board) of the Division of Unemployment Assistance (division), awarding to Robert Hickey, Jr. (employee), unemployment benefits. The employer argues a single proposition, specifically, that the board lacked jurisdiction with respect to the case because the employee's appeal to the board from an earlier adverse determination by a review examiner had been filed late. Relying on *Falmouth* v. *Civil Serv. Commn.*, 447 Mass. 814, 815 (2006) (*Falmouth*), the division asserts that the employee's appeal was not late because the envelope transmit-

---

[1]Division of Unemployment Assistance.

ting the appeal to the board was postmarked within the allowable appeal period and thus, despite its receipt by the board after that period, was timely pursuant to the so-called "postmark rule" applicable to adjudicatory proceedings of administrative agencies of the Commonwealth. See 801 Code Mass. Regs. § 1.01(4)(b) (1998). We conclude that the court in the *Falmouth* case interpreted a statute containing language that differs considerably from that of the statute that governs the present case; that the employee's appeal to the board was not governed by the postmark rule; and that his appeal was therefore late. Accordingly, we reverse the judgment of the District Court, and a new judgment shall enter dismissing the employee's appeal to the board.

1. *Background.* The case turns on a ruling of law, and we recite the underlying facts only for context. At the relevant time, the employer owned a restaurant called the Center Stage Café in Dennis. The employee, a chef at the restaurant, was discharged because of an alleged theft. He applied for unemployment benefits and received initial approval from the division. The employer requested and received a hearing before a division review examiner. On March 16, 2005, the review examiner denied the employee's application for benefits on the ground that his discharge was for "deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25(*e*)(2), as amended through St. 1992, c. 26, § 19. A memorandum that accompanied the decision stated that the last date on which to file an appeal was April 15, 2005.

On April 15, 2005, the employee, through counsel, mailed an appeal to the board. The mailing was received by the board on April 19, 2005 (thirty-four days after the date of the review examiner's decision). After two remands and additional findings by the review examiner, the board concluded that the employer had not established the existence of deliberate misconduct on the part of the employee, and determined consequently that the employee was entitled to benefits.[2]

The employer filed a timely complaint for judicial review in

---

[2]The reasons for discharge advanced by the employer were that the employee had attempted to steal plastic storage bags from the restaurant and had served the remains of a leg of lamb as an employee meal for himself and a second

the District Court. See G. L. c. 151A, § 42; G. L. c. 30A, § 14(7). It asserted for the first time that the employee's appeal to the board was not timely. The judge rejected the defense, concluding that the effective date of the employee's appeal was April 15, 2005, the date of the postmark on the notice of appeal. He affirmed the decision of the board in the employee's favor, and the employer's appeal therefrom brings the case to this court.

2. *Discussion.* The timeliness of the employee's attempt to obtain relief from the adverse decision of the review examiner is governed, at least initially, by G. L. c. 151A, § 40, as amended through St. 1990, c. 154, § 29, which provides simply that "[a] claimant or interested party may, within thirty days after mailing to him of notice of the decision, file an application for a review of such decision by the board of review." In determining when the filing took place for purposes of the statute, the District Court judge stated that "the effective date of the appeal was April 15, 2005, the date of the postmark." While not referring expressly to it, he appears to have been applying the so-called "postmark rule" set forth in the standard adjudicatory rules of practice and procedure. Those rules apply to the board proceeding in question in this case. The rule at issue provides, in relevant part, that "[a]ll papers filed by U.S. mail shall be deemed filed on the date contained in the U.S. postal cancellation stamp or U.S. postmark." 801 Code Mass. Regs. § 1.01(4)(b). If the rule applies, the employee's appeal to the board was timely because the envelope in which it was mailed was postmarked with the date of April 15, 2005, thirty days after the mailing of notice of the review examiner's adverse decision.

The question is whether an agency may, by adoption of a procedural rule, define when a filing occurs for purposes of a statutory limitations period, and do so in such a way that the filing is deemed to have taken place even though the agency has not physically received the document. The division relies on *Falmouth, supra,* for the principle that courts will defer to the procedural rule, particularly where it reflects long-standing ad-

---

employee. The board adopted a finding of the review examiner that credited the employee's testimony that he intended to pay for the bags. The board relied also on a finding that the employee was authorized to decide which food should not be served to patrons but could be served to employees.

ministrative practice that is based on a plausible interpretation of the statutory language. *Id.* at 820-821. That may be so with respect to the civil service statute, which invites such an administrative construction. In our view, it is not so in the case of G. L. c. 151A, § 40, and application of the postmark rule would confer on the board jurisdiction that the Legislature did not intend that it have.[3]

We examine the *Falmouth* decision. There, a police officer aggrieved by a suspension of which he was notified on December 7, 1998, mailed an appeal to the Civil Service Commission (commission) on December 17, 1998. *Falmouth, supra* at 816. The appeal was received by the commission on December 23, 1998. *Ibid.* General Laws c. 31, § 43, as amended through St. 1981, c. 767, § 20, provides in relevant part that, "[i]f a person aggrieved by a decision of an appointing authority made pursuant to [§ 41] shall, within ten days after receiving notice of such decision, appeal in writing to the commission, he shall be given a hearing." General Laws c. 31, § 2(*g*), as amended through St. 1981, c. 767, § 11, authorizes the commission "[t]o adopt such rules of procedure as necessary for the conduct of its proceedings." See *Falmouth, supra* at 818. Pursuant thereto, the commission adopted its rule 2.4(a)(3), which states: "Papers placed in the U.S. mail shall be deemed filed on the date so postmarked."[4] *Id.* at 817. Application of this rule rendered the officer's appeal timely because the postmark showed that it had been mailed on the tenth day following receipt of the appointing authority's decision. The Supreme Judicial Court concluded that the rule was a permissible interpretation of a statute that the agency was charged with enforcing. *Id.* at 821-822.

It is important, however, to focus on the reasoning by which

---

[3]We acknowledge that the employer did not assert that the employee's appeal to the board was not timely until the case reached the District Court. However, we consider that the timeliness of a notice of appeal implicates subject matter jurisdiction, which may be challenged at any stage of the proceeding. See *General Acc. Ins. Co. of Am.* v. *Bank of New England-West, N.A.*, 403 Mass. 473, 474 (1988); *Bonfatti* v. *Zoning Bd. of Appeals of Holliston*, 48 Mass. App. Ct. 46, 49 (1999).

[4]The commission subsequently replaced its own rules of practice and procedure with the standard adjudicatory rules. Section 1.01(4)(b) of 801 Code Mass. Regs. contains essentially the same postmark rule as that previously promulgated by the commission. *Falmouth*, 447 Mass. at 817 n.4.

the court arrived at its decision. Specifically, the court fixed on the language of G. L. c. 31, § 43, that authorizes an aggrieved party to "appeal in writing" within ten days of receipt of a decision, and determined that the phrase was ambiguous. *Id.* at 818. The court rejected the town's contention that the phrase required receipt of the appeal by the commission within ten days, stating that "[s]ection 43 does not specify any particular act required to perfect an appeal." *Id.* at 819. It followed, therefore, that the commission could adopt the "plausible view that an appeal is deemed to have been perfected on the day of the postmark." *Id.* at 819-820.[5]

At the same time, the court took pains to observe, with reference to G. L. c. 31, § 43, that "[t]he statute's plain language does not state that the appeal must be 'filed' in a particular place within ten days." *Id.* at 819. The absence of a reference in the statute to a "filing" was plainly critical to the outcome. "This court has recognized the particular significance of the word 'filed' in the context of an appeal. Generally, it connotes the 'receipt' of the appeal, absent an express intent to the contrary. . . . The absence of the word 'filed' in the relevant sentence of § 43 is persuasive evidence of a legislative intent that an appeal need not be actually received (filed) within the ten-day appeal period." (Citation omitted). *Ibid.*

Applying this reasoning, it is our view that the language of the unemployment compensation statute requires a different result. In contrast to the reference in G. L. c. 31, § 43, to an "appeal in writing," G. L. c. 151A, § 40, provides that a party may "file an application for a review . . . by the board of review." As noted in the *Falmouth* decision, *supra*, the authorization to "file" means that the application must physically be at the agency within the time allotted. It has been held, with respect to G. L. c. 151A, § 42, under which a petition for judicial review of an administrative decision in any unemployment compensation case may be "filed" within thirty days, that the statute

---

[5]The disposition reversed an earlier decision of this court in which we concluded that " 'appeal in writing' would not ordinarily be interpreted to contemplate mailing as the equivalent of filing," and that the postmark rule had effectively rewritten the statute. *Falmouth* v. *Civil Serv. Commn.*, 64 Mass. App. Ct. 606, 610 (2005).

requires actual receipt by the court within the prescribed period. See *Garrett* v. *Director of the Div. of Employment Sec.*, 394 Mass. 417, 420 (1985) ("[I]t is difficult to assimilate the act of mailing to the act of filing. . . . [F]iling and mailing are two distinct concepts"). While the court in *Garrett* construed a section of G. L. c. 151A that governs appeals to the District Court, whereas the present case is concerned with a section applicable to appeals to the board, we see no logical reason why the meaning of "filed" or "filing" would differ.

In further support, in *Harper* v. *Division of Water Pollution Control*, 412 Mass. 464, 465-466 (1992), the court considered G. L. c. 30A, § 14(1), which does not even use the term "file," but instead states that a proceeding for judicial review of an agency decision "shall . . . be commenced in the court within thirty days after receipt of notice of the final decision of the agency." The court rejected the proposition that commencement in court should be construed in accordance with the provisions of Mass.R.Civ.P. 3, as amended, 385 Mass. 1215 (1982).[6] Equating "commencement in court" with filing, notwithstanding the thrust of rule 3 that commencement may be brought about by a mailing, the court stated: "We are concerned with a statutory appeal period. A rule of court cannot override a contrary statutory provision concerning the manner and time for the effective taking of an appeal from an administrative agency." *Id.* at 465.

The statute considered in *Falmouth*, see G. L. c. 31, § 43, authorizes an "appeal in writing," thereby leaving the agency discretion to decide how the appeal shall be deemed to commence. In contrast, the relevant statute here, G. L. c. 151A, § 40, authorizes a claimant or interested party to "file" an application for review. The authorities, including those cited in the *Falmouth* decision, accept that "file" generally requires that the document in question be physically received by the court or agency to which it is directed. See *Falmouth*, 447 Mass. at 819. The statutory requirement cannot be varied by a judicial or

---

[6]Rule 3 states, in relevant part, that "[a] civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk." At least for the purposes of this rule, mailing and filing are obviously not the same thing. See *Garrett* v. *Director of the Div. of Employment Sec.*, 394 Mass. at 420.

administrative rule of procedure. To the extent that an agency is empowered to adopt procedural rules, that authorization cannot be construed as a subtle indicator that the Legislature has delegated to the agency the right to amend the statute. Should the Legislature wish to alter the filing requirement, it is of course both free to do so and knowledgeable as to how to effectuate the change.[7]

We do not suggest that, across the broad spectrum of appeals to various courts and administrative agencies, the principle that filing means physical deposit with the tribunal is uniformly applied. An example is the treatment given prisoners whose incarceration and security requirements often conflict with their ability to make timely submissions of legal documents. See *Commonwealth* v. *Hartsgrove*, 407 Mass. 441, 444-445 (1990). In administrative practice, the standard adjudicatory rules include the postmark rule, see 801 Code Mass. Regs. § 1.01(4)(b) (1998). Some agencies that have promulgated their own procedural rules use the postmark rule, at least in certain circumstances. See, for example, 452 Code Mass. Regs. § 1.02 (1997) (filings in workers' compensation cases under G. L. c. 152, §§ 10A and 11C, governed by postmark rule). We make no comment on the validity of such provisions; the parties have not brought to our attention express challenges to such rules that have been adjudicated in circumstances similar to the present case (i.e., where statutes expressly require a "filing"). Here, we hold only that, given the language of G. L. c. 151A, § 40, the postmark rule codified at 801 Code Mass. Regs. § 1.01(4)(b) cannot be applied to extend the period in which the appeal to the board should have been filed.

3. *Disposition.* The judgment is reversed. The case is remanded to the District Court for the entry of judgment dismissing the employee's appeal.

*So ordered.*

---

[7]Our ruling does not render the postmark rule useless. The rule may be applied freely to subsequent stages of the administrative process. It is inapplicable only where it conflicts with a statutory mandate.