NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-890

RAYAN TOBY

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Rayan Toby, filed a claim for unemployment benefits with the Department of Unemployment Assistance (DUA). DUA denied the claim, and following an adverse decision from a DUA review examiner, the plaintiff appealed to the board of review. On June 29, 2022, the board of review issued a decision denying the plaintiff's application for review. On August 16, 2022, the plaintiff filed a complaint in the Boston Municipal Court (BMC), appealing the board of review's determination. A judge dismissed the complaint, apparently because it was untimely filed, and the plaintiff appealed. This court dismissed the appeal for lack of prosecution. On May 5, 2023, the plaintiff filed a second complaint in the BMC, appealing the

same June 29, 2022, board of review determination.  A second judge dismissed the complaint -- once again, apparently because it was untimely filed -- and the plaintiff again appealed.  We affirm.

Although the plaintiff's brief claims the board of review decision was erroneous, we do not reach those issues, because we agree with DUA's contention that the second judge properly dismissed the complaint.  "[A]ny interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by commencing within thirty days of the date of mailing of such decision, a civil action" (emphasis added).  G. L. c. 151A, § 42.  "The 'attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule' is viewed as being 'so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.'"  Garrett v. Director of the Div. of Employment Sec., 394 Mass. 417, 420 (1985), quoting Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 78 (1975).  The issue of the timeliness of an appeal of a final DUA decision "is one of jurisdiction."  Pavian, Inc. v. Hickey, 452 Mass. 490, 492 n.9 (2008).

On June 29, 2022, the board of review commenced the thirty-day appeal period by mailing the plaintiff a decision denying

his appeal.  See G. L. c. 151A, § 42.  On May 5, 2023, 310 days later, the plaintiff appealed that decision by filing his second complaint in the BMC.  Because the plaintiff did not appeal within the thirty-day statutory period, the judge properly dismissed the complaint for lack of subject matter jurisdiction. See Pavian, Inc., 452 Mass. at 492 n.9.

Although we need not rely on DUA's alternative argument that the second complaint properly could have been dismissed on the ground of claim preclusion, we note that dismissals for lack of subject matter jurisdiction do not have preclusive effect, because "[a] complaint that is dismissed for lack of jurisdiction is not an adjudication on the merits." Bevilacqua v. Rodriguez, 460 Mass. 762, 780 (2011), citing

Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009).

The order of dismissal, which we treat as a judgment of dismissal, is affirmed.[1]

So ordered.

By the Court (Sacks,
    Englander & Grant, JJ.[2]),

*Paul Little*

Clerk

Entered:  November 18, 2024.

---

[1] Although no judgment has been entered on the docket in the trial court, the order of dismissal was intended to be dispositive of the plaintiff's complaint.  We therefore treat it as a judgment of dismissal.  See McDonald v. Bellotti, 29 Mass. App. Ct. 988, 991 n.3 (1990).

[2] The panelists are listed in order of seniority.