COMMONWEALTH vs. CLIFTON HARTSGROVE.

Norfolk. January 8, 1990. - May 17, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Appeal. *Rules of Appellate Procedure.*

A pro se defendant, incarcerated in a correctional facility, would be deemed
to have filed a notice of appeal with the trial court, in accordance with
Mass. R. A. P. 4 (b), upon his having placed the notice of appeal in the
prison's institutional mailbox. [444-446]

In a criminal case, where there was a dispute as to when the incarcerated
defendant actually placed his notice of appeal in a prison's institutional
mailbox, the case was remanded for a determination of the issue. [446-
447]

INDICTMENT found and returned in the Superior Court De-
partment on November 5, 1986.

The case was tried before *Andrew Gill Meyer*, J.

After the Appeals Court dismissed the defendant's appeal,
the Supreme Judicial Court granted leave to obtain appellate
review of the dismissal.

*Chrystal Murray*, Committee for Public Counsel Services
(*Carol A. Donovan*, Committee for Public Counsel Services,
with her) for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney,
for the Commonwealth.

LIACOS, C.J. We consider whether a pro se defendant, in-
carcerated in a correctional facility, shall be deemed to have
filed a notice of appeal with the trial court at the moment he
deposited it in the prison's institutional mailbox. The defend-
ant claims to have placed the notice, which was in a stamped
envelope addressed to the Superior Court clerk for Norfolk
County, into the hands of the prison authorities within the
thirty-day period as specified in Mass. R. A. P. 4 (b), as

amended, 378 Mass. 928 (1979). The Superior Court clerk did not receive the notice until after the deadline had passed. The Appeals Court eventually dismissed the appeal as not timely filed. The case is here for further appellate review. Mass. R. A. P. 27.1, as amended, 367 Mass. 922 (1975).

We summarize the documented facts, as well as those facts alleged by the defendant. The defendant, on October 28, 1987, was found guilty by a jury in the Superior Court of rape and indecent assault and battery. On the same day he was sentenced to a term of imprisonment at Massachusetts Correctional Institution (M.C.I.), Cedar Junction, of from five to seven years on the rape conviction.[1] The defendant was notified of his right to appeal his conviction within thirty days, pursuant to Mass. R. A. P. 4 (b).[2]

On October 28, 1987, the defendant was transported from the courthouse to M.C.I., Cedar Junction. One day later, he was transported to M.C.I., Concord. Approximately one week after sentencing, the defendant was informed by his trial counsel that, if he wanted to appeal, he had to file his own notice of appeal. The defendant, after seeking assistance from an inmate, prepared a document entitled "Notice of Appeals and Request For Transcripts for Appeal."

On November 21, 1987, twenty-four days after his sentencing in the Superior Court, and thus within the thirty-day period prescribed by Mass. R. A. P. 4 (b), the defendant claims he placed the notice of appeal, dated November 20, 1987, in a stamped envelope addressed to the "Clerk of Courts Superior Courthouse Dedham, Ma. 02026." In accordance with prison procedure, the defendant placed the envelope in the institutional mailbox outside the institutional dining hall.

---

[1]The indecent assault and battery conviction was filed with the defendant's consent.

[2]Rule 4 (b) provides, in relevant part: "In a criminal case, unless otherwise provided by statute, the notice of appeal . . . shall be filed with the clerk of the lower court within thirty days after . . . imposition of sentence."

The clerk of the Norfolk Superior Court did not receive the defendant's notice of appeal until December 3, 1987, after the thirty-day appeal period had expired. The envelope received by the office of the clerk of the Norfolk Superior Court was postmarked in Boston on December 1, 1987, for reasons not made apparent in the record.[3]

On December 10, 1987, a Norfolk County Superior Court assistant clerk wrote the defendant a letter informing him that his notice of appeal had been untimely received and that it was being returned to him. On December 15, 1987, the defendant wrote the assistant clerk a letter explaining that he had placed his notice of appeal in the institutional mailbox at M.C.I., Concord, on November 21, 1987, and had made every effort to file the notice in a timely fashion. The defendant wrote: "I ask that you realize that my access to the mail is through one source only, the institutional mailbox at M.C.I. Concord. When the mail is picked up and the length of time it spends waiting to be processed, is not within my control. Kindly accept the enclosed Notice of Appeal and save the courts and everyone else involved the expense, delay and inconvenience of requiring me to have a Judge order the Appeal to be filed."

The assistant district attorney apparently was "unwilling to assent" to any late filing of a notice of appeal. On February 2, 1988, a Norfolk County assistant clerk wrote to the defendant advising him to file a "Motion for late filing appeal along with an affidavit explaining the circumstances of your late appeal." On February 10, 1988, the defendant filed a motion entitled "Belated Notice of Appeal," together with a copy of his original notice of appeal. On February 17, 1988, the trial judge allowed the defendant's motion "as to late filing," apparently without holding a hearing.

On June 2, 1988, an attorney from the appeals division of the Committee for Public Counsel Services entered an ap-

---

[3]On November 21, 1987, the defendant also placed a copy of the notice of appeal in a stamped envelope addressed to the office of the district attorney for Norfolk County. This copy was apparently received on December 2, 1987.

pearance for the defendant. On March 20, 1989, the Norfolk district attorney's office filed a motion to dismiss the appeal in the Appeals Court on the ground that the judge had no jurisdiction on February 17, 1988, to allow the defendant's late notice of appeal because the "Belated Notice of Appeal" had been filed beyond the sixty days permitted by Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979). On April 19, 1989, a panel of the Appeals Court allowed the district attorney's motion to dismiss the appeal, and, on May 16, 1989, an Appeals Court panel denied the defendant's motion for reconsideration. We vacate the orders of the Appeals Court dismissing the appeal, and remand the matter to the Superior Court for further consideration.[4]

The defendant argues that filing with the clerk, under Mass. R. A. P. 4 (b), in the case of an incarcerated pro se inmate, should be deemed to have occurred on the inmate's relinquishment of control of his notice of appeal to the prison authorities. We agree.

The Massachusetts Rules of Appellate Procedure were intended to simplify the procedure by which individuals take a case from the trial court to the appellate court, removing many of the traps for the unwary which previously prevented a litigant from having his appeal heard on the merits. See *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Comm'n*, 394 Mass. 233, 237 n.8 (1985), quoting *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 315 (1975). A flexible approach to the rules, which takes into account the peculiar facts of a case, is particularly appropriate here. See

---

[4]The defendant, on May 15, 1989, filed a motion before a single justice of this court for approval of the late filing of his notice of appeal, pursuant to Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), and, on May 17, 1989, filed a petition, pursuant to G. L. c. 211, § 3 (1988 ed.), to reinstate his direct appeal from his criminal convictions. The single justice denied the defendant's motion and petition. The defendant filed a notice of appeal from the order of the single justice. After we granted the defendant's application for further appellate review of the Appeals Court's decision, the defendant's motion to withdraw his appeal from the order of the single justice was allowed. The order of the single justice, therefore, is not before us.

*Fallen* v. *United States*, 378 U.S. 139, 142 (1964). The defendant, acting without the aid of an attorney, was incarcerated in a correctional facility when he placed his notice of appeal in the institutional mailbox. It would be unfair to hold the defendant accountable for the vagaries, if any, of the prison mail system.

In reaching our conclusion, we have looked to the United States Supreme Court's interpretation of a parallel Federal rule. See *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613 (1981) ("In construing Mass. R. A. P. 4 (a) . . . we look at the construction of the parallel Federal rule"); *Farley* v. *Sprague*, 374 Mass. 419, 423 (1978). In *Houston* v. *Lack*, 487 U.S. 266 (1988), the Supreme Court decided that, under Fed. R. A. P. 4(a)(1), a pro se inmate's notice of appeal is to be considered filed at the moment it is delivered to the prison authorities.[5] The Supreme Court's reasoning bears quoting at length:

"The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced

---

[5]Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides, in relevant part: "In a civil case . . . the notice of appeal . . . shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." While *Houston* involved a petition for habeas corpus, a civil action, the rule announced by the Supreme Court applied to Fed. R. A. P. 4(b), which deals with appeals in criminal cases. See *Houston* v. *Lack*, 487 U.S. 266, 269-270 (1988), citing with approval *Fallen* v. *United States*, *supra*, which dealt with the predecessor of Fed. R. A. P. 4(b).

to do so by his situation. . . . [T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access — the prison authorities — and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston* v. *Lack, supra* at 270-272.

There is some dispute in this case as to when the defendant actually placed his notice of appeal in the institutional mailbox. Three Federal circuit courts, faced with a similar question, have determined that a remand to the trial court is the most appropriate course of action. See *Miller* v. *Sumner,* 872 F.2d 287, 289 (9th Cir. 1989); *United States* v. *Grana,* 864 F.2d 312, 316 (3d Cir. 1989); *Thompson* v. *Montgomery,* 853 F.2d 287, 288 (5th Cir. 1988). We agree that a remand is the proper result. Once the defendant comes forward with evidence as to the date and time he deposited the notice of appeal with prison authorities, the burden of proof (civil) is on the Commonwealth to show that the defendant could not have deposited the notice of appeal in the prison mailbox within the established time period, the prison being the entity

with the best access to the evidence needed to resolve the question. *United States* v. *Grana, supra* at 316.[6]

The case is remanded to the Superior Court for further proceedings consistent with this opinion.[7]

*So ordered.*

---

[6]We note that, in considering whether the Commonwealth has met its burden, the trial judge may take into account evidence of, for example, the routine practice of the prison authorities of picking up and delivering all mail within twenty-four hours of its being deposited in the prison's institutional mailbox; any records kept by the prison authorities regarding the dates of the deposit and delivery of outgoing mail; and the credibility of the defendant and any other witnesses.

[7]We refrain from addressing the other questions raised in this appeal. The defendant's argument that his notice of appeal was timely filed under Mass. R. A. P. 4 (c), and his constitutional arguments may be rendered moot by the judge's finding on remand.