Henry, Bruce R., J.
Before the Court is the motion of the defendant Eastern Security, Inc. to dismiss the plaintiffs complaint on statute of limitations grounds. For the reasons discussed below, the motion is ALLOWED.
STATEMENT OF FACTS
Alexander Belin, the plaintiff in this action, is an inmate at MCI Concord. Mr. Belin alleges physical and mental injury resulting from an alleged assault on his person by a security guard employed by Eastern Security on May 24, 2005. Plaintiffs Complaint, ¶¶7 & 10. Mr. Belin originally mailed his complaint and civil action cover sheet to the Civil Clerk’s Office on May 14, 2008. Plaintiffs Affidavit (“Aff.”), ¶4. On May 20, 2008, the Civil Clerk’s Office returned the complaint and civil action cover sheet to Mr. Belin, with specific instructions to sign the civil action cover sheet. Aff., ¶5. Mr. Belin resubmitted the complaint and civil action cover sheet which was received and docketed on May 29, 2008. Aff., ¶8; Plaintiffs Opposition, ¶4. The plaintiff argues that the so-called “mailbox rule” applies to his situation, thereby tolling the statute of limitations and making his filing of the complaint timely.
STATEMENT OF APPLICABLE LAW
This current action is an alleged action of tort. According to M.G.L.A. c. 260 s. 2A, a cause of action in tort must be commenced within three years from the date the cause of action accrued.
The plaintiffs cause of action accrued on May 24, 2005, which would toll the statute of limitations as of May 24, 2008.
Mr. Belin invokes the prisoner “mailbox rule” that is set out in Commonwealth v. Hartsgrove, 407 Mass.
441 (1990), as an exception that would allow the submission of his complaint and civil action cover sheet to be considered timely. The plaintiff in Commonwealth v. Hartsgrove was an inmate who placed an appeal for his criminal conviction into the prison mail before the statute of limitations tolled. Id. at 442. The Civil Clerk’s Office did not receive the appeal until after the statute of limitations had tolled. Id. at 443. The court held that the plaintiff had effectively filed his appeal on the date it was placed in the prison mailbox, which was before the statute of limitations had tolled. Id. at 444. The court reasoned that the inmate had made every effort to file his appeal in a timely fashion and that the inmate had relinquished the appeal from his control in a timely fashion. Id. at 443-44.
Mr. Belin’s action is distinguishable from Hartsgrove. First, the plaintiffs action is civil, not criminal. Massachusetts has not recognized a prisoner’s mailbox rule in civil cases. Tibbs v. Dipaolo, WL 1273854 (2000) [11 Mass. L. Rptr. 589], states that the prisoner mailbox rule cannot be considered in the same light in the civil context, because an inmate’s liberty is not at issue in a civil case.[1] Tibbs v. Dipalo at 3. Second, Mr. Belin’s complaint and civil action cover sheet were not relinquished from his control in a timely fashion. Although he originally mailed his complaint and civil action cover sheet before the statute of limitations tolled, he did not comply with Rule 29 of the Rules of the Superior Court and Standing Order 1-83 paragraph two. Rule 29 and Standing Order 1-83 paragraph two require the civil action cover sheet be completed and signed. Mr. Belin is not able to escape these rules, because according to Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 184 (1994), pro se litigants are bound by the same rules, requirements, and standards as those litigants who are represented by counsel. Third, Mr. Belin did not make eveiy effort to file a timely complaint and civil action cover sheet. The Civil Clerk’s Office returned Mr. Belin’s complaint and civil action cover sheet four days before the statute of limitations tolled. Mr. Belin did not resubmit the complaint and civil action cover sheet in a timely manner, nor did he seek an extension of time to do so, so as to avoid the tolling of the statute of limitations.
Lent v. Maloney, 62 Mass.App.Ct. 1103, (2004), is analogous to the current action. In Lent, the plaintiff failed to sign his civil action cover sheet and did not seek the court’s leave to file his civil action cover sheet late in order to file a timely complaint, as is permitted in the Superior Court Standing Order 1-83 paragraph three. The plaintiff tried to avail himself of the prisoner mailbox rule, but the court held that he could not “escape his self inflicted difficulties.” Id. at 1103. Like the plaintiff in Lent Mr. Belin did not seek leave of the court under Standing Order 1-83 paragraph three, to file his complaint and civil action cover letter late so as to avoid the impact of the statute of limitations. As *36 a result of the late filing of the complaint and civil action cover sheet, Mr. Belin’s claims are barred by the applicable statute of limitations.
ORDER
For the foregoing reasons, the complaint in this matter is time-barred and judgment shall enter dismissing the complaint as to all of the defendants.

 Tibbs may be distinguishable from the current action, because the plaintiff in Tibbs alleged a constitutional violation rather than the physical and mental abuse that Mr. Belin alleges. However, the final two ways that Mr. Belin’s action is distinguishable from Hartsgrove make this difference irrelevant.