**Robert E. LAWRENCE II,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A02–0906–CR–580.

Court of Appeals of Indiana.

Oct. 23, 2009.

Susan K. Carpenter, Public Defender of Indiana, C. Brent Martin, Deputy Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Hann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

*Case Summary and Issue*

Robert Lawrence II was convicted of theft, a Class D felony, driving while suspended, a Class A misdemeanor, and found to be an habitual offender. Lawrence was ultimately sentenced to an aggregate term of three years with one year suspended for his convictions. The trial court found

Lawrence's pro se "request for appeal"[1] was untimely and denied Lawrence's subsequent petition seeking permission to file a belated notice of appeal. Lawrence now appeals, raising the sole issue of whether the trial court abused its discretion in denying him permission to file a belated notice of appeal. Concluding Lawrence's notice of appeal was timely filed, we reverse the trial court. Further concluding the proper remedy is the filing of a belated appeal rather than a belated notice of appeal, we grant Lawrence permission to pursue a belated appeal.

### Facts and Procedural History

After a jury trial held in his absence, Lawrence was convicted of theft, a Class D felony, and driving while suspended, a Class A misdemeanor, and adjudicated an habitual offender. Lawrence was present in court for a sentencing hearing on December 10, 2008. At that time, the trial court ordered Lawrence to serve an aggregate sentence of 1095 days at the Indiana Department of Correction ("DOC") all but 365 days suspended. With credit for 210 days served, assuming that Lawrence remained in credit Class I, he would have to serve seventy-seven actual days before being released from DOC. On December 12, 2008, the trial court made a nunc pro tunc entry amending the December 10, 2008, sentencing order as follows: "Sentence should read 1095 days in the DOC all but 730 days suspended ...." Appendix to Brief of Defendant–Appellant at 6. On December 15, 2008, Lawrence was brought back into court and advised of the corrected sentence and his right to appeal and to have counsel appointed for that purpose. Lawrence advised the trial court that he did not wish to have counsel appointed at that time.

On January 16, 2009, the trial court received from Lawrence a "Request to Appeal w[ith] Proper Appointed Counsel." On March 2, 2009, the trial court made the following entry:

> The Court rules that the Court did not receive [Lawrence's] request to appeal and for court-appointed attorney until 1–16–09, several days past the thirty-day deadline for an appeal. [Lawrence's] option at this time is to pursue a belated motion to appeal under Post–Conviction Rule 2. The State Public Defender is requested to represent [Lawrence] for the possibility of filing a belated notice of appeal.

*Id.* On April 9, 2009, Lawrence, by counsel, filed a Verified Petition for Permission to File a Belated Notice of Appeal. Lawrence alleged therein that after the December 15 hearing, he was housed in isolation in the Hamilton County Jail until he was transported to DOC's Reception and Diagnostic Center ("RDC") on January 9, 2009. While at the Hamilton County Jail, Lawrence asked for an envelope to send the trial court notice he wanted to pursue an appeal, but as he had no funds in his commissary account to purchase an envelope, he was not provided with one. When Lawrence arrived at RDC, he discovered that DOC records showed his sentence as five years with one year suspended. Because of the confusion over his sentence, he requested and was provided paper and an envelope and immediately drafted his request to appeal. He gave the stamped envelope to an RDC staff member on Friday, January 9, 2009. Because he had no access to the law library on that date, Lawrence's envelope was handled outside the regular law library process. The mailroom does not process outgoing inmate

---

1. The parties seem to agree that Lawrence's self-styled "request for appeal" is equivalent to a notice of appeal.

mail on weekends, does not log outgoing mail, and does not provide postmarks. Lawrence contended that pursuant to the prison mailbox rule, his request for appeal was timely filed.

The State filed a response in which it refuted Lawrence's factual allegations and contended that Indiana has not enunciated a prison mailbox rule for criminal direct appeals. On May 4, 2009, the trial court denied Lawrence permission to file a belated notice of appeal. Lawrence now appeals the trial court's decision.

### Discussion and Decision

#### I. Standard of Review

The threshold issue is whether Lawrence's notice of appeal was timely filed: Lawrence argues his notice of appeal was timely filed pursuant to the prison mailbox rule; the trial court found and the State contends that it was not. The timeliness of a pleading is a purely legal question that we review de novo. *Johnson County Rural Elec. Membership Corp. v. South Cent. Ind. Rural Elec. Membership Corp.*, 883 N.E.2d 141, 143 (Ind.Ct.App.2008).

#### II. Timeliness of Notice of Appeal

■ Lawrence contends that his request for appeal was timely because of the prison mailbox rule. The "prison mailbox rule," recognized by the United States Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), provides that pro se filings from an incarcerated litigant are considered filed at the time they are delivered to prison authorities for forwarding to the court. The incarcerated litigant in *Houston* appealed the denial of his petition for habeas corpus relief, giving his pro se notice of appeal to prison officials for mailing twenty-seven days after the judgment. The district court stamped the notice filed on the thirty-first day after the judgment, one day after the thirty-day filing period, and the Court of Appeals dismissed the appeal as untimely. The Supreme Court noted that prisoners cannot take the steps other litigants can take to monitor the processing of their pleadings:

> [A prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Id.* at 271–72, 108 S.Ct. 2379. Accordingly, the Court held that, for purposes of the Federal Rule of Appellate Procedure governing the time for filing a notice of appeal, the pro se prisoner's notice of appeal was considered filed at the moment of delivery to prison authorities for mailing—three days before the deadline—and the appeal was therefore timely.[2]

Indiana recently recognized the prison mailbox rule in the post-conviction context. In *Dowell v. State,* 908 N.E.2d 643 (Ind.Ct. App.2009), *trans. pending,* an incarcerated post-conviction petitioner put a motion to correct error in the prison mail system on the thirtieth day after his petition for post-conviction relief was denied. The motion to correct error was file-stamped by the trial court on the thirty-second day and subsequently denied. On the petitioner's appeal from the denial of his motion to correct error, the State argued this court lacked jurisdiction because the motion to correct error was untimely. Noting the lack of published authority in Indiana re-

---

**2.** After the *Houston* decision, the federal rules of appellate procedure were amended to apply the prison mailbox rule to both civil and criminal notices of appeal. *See* Fed. R.App. P. 4(c)(1).

garding the prison mailbox rule, we cited the "compellingly articulate[ ]" reasons given in *Houston* for deeming a federal prisoner's pro se motions to be filed upon delivery to the prison's mail system. *Id.* at 647. We also noted that even before Houston was decided, this court held in relation to a trial rule governing filing by mail that a pro se prisoner litigant's deposit of a motion to correct errors with the prison's law library for mailing four days before the filing deadline conformed with the rule's requirements. *Id.* at 647–48 (citing *Baker v. State*, 505 N.E.2d 498, 499–500 (Ind.Ct.App.1987)). "Given this [Indiana] authority and our agreement with the rationale of *Houston*, we now expressly hold that the prison mailbox rule is applicable to state post-conviction matters." *Id.* at 648.

■ The State contends that *Dowell* held "that the prisoner mailbox rule applies *only* in state post-conviction proceedings" and depositing a pleading with prison officials is not recognized by Trial Rule 5(F) as a permissible manner of filing. Brief of Appellee at 8 (emphasis added). Although *Dowell* did hold that the prison mailbox rule applies in post-conviction proceedings, it was a post-conviction proceeding at issue in that case. We do not believe the holding in *Dowell* was intended to foreclose the prison mailbox rule's application to other matters; there was simply no need to make a more sweeping pronouncement as to its application to situations not relevant to that case. We are confronted in this case with the prison mailbox rule's application to a direct appeal, however, and we can discern no reason why the same analysis making it applicable to post-conviction proceedings should not also apply to direct appeals. *See Commonwealth v. Hartsgrove*, 407 Mass. 441, 553 N.E.2d 1299 (1990) (holding that pro se defendant is deemed to have filed his

notice of appeal from conviction and sentence upon giving the notice to prison authorities); *see also Silverbrand v. County of Los Angeles*, 46 Cal.4th 106, 92 Cal. Rptr.3d 595, 205 P.3d 1047, 1057–58 (2009) (collecting state cases applying the prison mailbox rule to various proceedings, both criminal and civil); Sup.Ct. R. 29 (United States Supreme Court rule providing that any document submitted by an inmate confined in an institution is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and accompanied by a statement setting out the date of deposit and that postage was prepaid). A pro se prisoner is in the same position with respect to filing his pleadings regardless of the nature of the proceedings. For the reasons stated in *Houston* and *Dowell*, we hold the prison mailbox rule applies in direct appeals.

■ Lawrence was advised of his correct sentence and his right to appeal said sentence on December 15, 2008. Pursuant to Appellate Rule 9(A)(1), the thirty-day period in which to file a timely notice of appeal expired on January 14, 2009. Accompanying his petition for permission to file a belated notice of appeal, Lawrence provided evidence that he drafted his request for appeal on January 9, 2009 upon arrival at RDC. Not having access to the prison's law library on that date, he gave his request to an RDC staff member on January 9, 2009, for mailing from the prison mailroom. Because his request did not go through the law library, Lawrence's pleading was not logged through the law library process or postmarked before leaving the facility. The trial court noted that it received the request on January 16, 2009, but the envelope was apparently not retained and there is no evidence regarding the postmark date. The State did not challenge that Lawrence gave his request for appeal to prison officials within the thirty days allowed; rather, the State challenged Lawrence's reasons for not filing

his request earlier.[3] However, when pleadings are filed within the time allowed, whether they were filed on the first day or the last of that time period is immaterial. Lawrence's request for appeal was given to prison officials five days before the expiration of the time in which to file a notice of appeal, and the trial court erred in considering it untimely filed.

■ Generally, Post–Conviction Rule 2(1) allowing the filing of a belated notice of appeal under certain circumstances applies only to defendants who have failed to file a timely notice of appeal, and a defendant who has filed a timely notice of appeal but thereafter failed to perfect his appeal should instead petition this court for permission to pursue a belated appeal pursuant to Post–Conviction Rule 2(3). *George v. State*, 862 N.E.2d 260, 264–65 (Ind.Ct.App.2006). Post Conviction Rule 2(3) provides that a defendant who has filed a timely notice of appeal but failed to perfect the appeal may petition the appellate tribunal for permission to pursue a belated appeal if "the failure to perfect the appeal … was not due to the fault of the defendant [and] the defendant has been diligent in requesting permission to pursue a belated appeal."

■ We have already determined Lawrence's notice of appeal was timely filed. The appeal was not perfected because the trial court made clear it considered Lawrence's request for appeal to be untimely and appointed counsel for the express purpose of pursuing a belated notice of appeal under Post–Conviction Rule 2. We cannot fault Lawrence for proceeding as the trial court instructed while simultaneously pre-serving the timeliness issue in his petition for permission to file a belated notice of appeal. Counsel was appointed on March 2, 2009; the petition for permission to file a belated notice of appeal was filed on April 29, 2009; and this appeal followed in due course after the trial court's denial. The failure to perfect the appeal was not Lawrence's fault and he has been diligent about pursuing an appeal. As a formal motion to file a belated appeal would undoubtedly contain the same allegations contained in the motion to file a belated notice of appeal that is currently before us, in the interest of judicial economy we exercise our discretion and grant Lawrence permission to pursue a belated appeal. *See George*, 862 N.E.2d at 265 (holding that trial court erred in granting permission to file a belated notice of appeal under Post–Conviction Rule 2(1) when petitioner had previously filed a timely notice of appeal but granting permission to file a belated appeal under Post–Conviction Rule 2(3)).

*Conclusion*

Lawrence's notice of appeal was timely filed pursuant to the prison mailbox rule. He is hereby granted permission to pursue a belated appeal on the merits, which shall proceed in accordance with the attached order.

Reversed.

DARDEN, J., and MATHIAS, J., concur.

---

3. On appeal, the State does note that Lawrence's only evidence regarding the date he gave the request for appeal to prison officials is his own self-serving affidavit. Lawrence's affidavit, however, also explains why he has no further proof, which is in part corroborated by the affidavit of the RDC employee in charge of the mailroom and law library. We also believe it is fair to infer that if the trial court received the request for appeal on January 16, 2009, it had been provided to prison officials by at least January 14, 2009, the thirtieth day after Lawrence's sentencing.