**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
May 30 2013, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES KING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-CR-858 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-1011-FD-87488

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

James King appeals the trial court's denial of his petition for permission to file a belated notice of appeal. Finding that he failed to demonstrate by a preponderance of evidence that he was not at fault in failing to file a timely notice of appeal, we affirm.

**Facts and Procedural History**

In July 2012, a jury convicted James King of class D felony battery by bodily waste, class B misdemeanor disorderly conduct, and class B misdemeanor public intoxication, all stemming from a November 2010 incident in which the inebriated King spat in the face of an Indianapolis police officer. King subsequently admitted to being a habitual offender, and on August 7, 2012, the trial court sentenced him to a six-year term. At the close of the sentencing hearing, the following colloquy occurred:

> THE COURT: And at this time the court advised you that you are entitled to appeal or file a motion to correct error. A motion to correct error must be filed within thirty days. That for an appeal a praecipe must [be] filed within thirty days. And the court will appoint counsel at public expense if you cannot afford an attorney. Do you wish to appeal or file a motion to correct errors?
>
> MR. KING: No audible response.
>
> THE COURT: No. Okay. Thank you. Anything further [defense counsel]?
>
> [COUNSEL]: You don't want to appeal at this point?
>
> ….
>
> THE COURT: All right. That's all.
>
> MR. KING: (Unintelligible).

2

> [COUNSEL]:        If you change your mind ….
>
> [END OF TRANSCRIPT.]

Tr. at 139-40.

On September 6, 2012, King mailed a letter to his trial counsel expressing his desire to appeal. The letter arrived at counsel's office on September 7, 2012, but counsel did not read it until September 21. That same day, counsel notified the Indiana Public Defender Agency's Appellate Division. On October 2, 2012, the public defender's office filed King's verified petition for permission to file a belated notice of appeal. The trial court summarily denied the petition, as well as King's motion to reconsider. King now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

King contends that the trial court erred in denying his petition for permission to file a belated notice of appeal. Where, as here, the trial court does not hold a hearing before denying the defendant's petition for permission to file a belated appeal, we owe no deference to its factual determinations because they are based on a paper record. *Id*. *Moshenek v. State*, 868 N.E.2d 419, 424 (Ind. 2007). Therefore, we review its decision de novo. *Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).

Indiana Post-Conviction Rule 2 governs belated appeals and states in pertinent part,

> (a) *Required Showings*. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;

3

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

….

(c) *Factors in granting or denying permission.* If the trial court finds that the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission.

"The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing [a timely notice of appeal] and was diligent in pursuing permission to file a belated motion to appeal." *Moshenek*, 868 N.E.2d at 422-23. The "diligence" showing refers to the filing of a *belated* appeal, and the "lack of fault" showing refers to the filing of a *timely* appeal. Ind. Post-Conviction Rule 2(a)(3), -(2). Because there are no set standards for determining fault or diligence, each case turns on its own facts. *Moshenek*, 868 N.E.2d at 423. Relevant factors in determining a particular defendant's fault and diligence include his "level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." *Id*.

Indiana Appellate Rule 9(A)(1) states that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." King's argument focuses on what happened thirty days after the final judgment and thereafter. In other words, he asserts that he was diligent in seeking the belated appeal

4

and attributes delays to other parties, i.e., his trial counsel for causing a two-week delay by failing to read his letter and the public defender agency for waiting an additional eleven days to file his belated appeal petition. He also points out that the overall passage of time between the deadline for a timely appeal and the date that he requested a belated appeal was "slight." Reply Br. at 4.

We agree that the record supports King's arguments with respect to diligence in seeking a belated appeal. However, diligence is not the only required showing. Post-Conviction Rule 2(a)(2) also requires that he establish his lack of fault in failing to file a timely appeal in the first place. Simply put, he has not done so. The record is devoid of any evidence concerning circumstances that would have precluded him from contacting his trial counsel until right before the expiration of the thirty-day period for filing a timely appeal. His only argument with respect to those first four weeks is that the trial court provided outdated information regarding the process for filing a timely appeal.

Applying the *Moshenek* factors to King's case, we find a sixty-year-old man with a criminal history that spans four decades and includes roughly thirty convictions, ten of which are felony convictions, one of which is for murder. He has been in and out of prison throughout his adult life and has obtained two associate's degrees. His pleas for leniency during sentencing indicate that he is very familiar with the legal system and the procedural remedies available to him. Despite the trial court's statement about a praecipe, which is no longer filed to initiate an appeal,[1] it is obvious that the court made King aware of both his

---

[1] Indiana Appellate Rule 9(A)(4) states, "The praecipe for preparation of the Record is abolished."

right to appeal and the thirty-day deadline for doing so.

In his petition, King states that he "attempted to contact trial counsel within thirty days of his sentence to request a direct appeal." Appellant's App. at 113. He specifically claims that he penned a letter to his trial counsel on September 4, 2012, and that it was postmarked September 6, 2012, the last day for a direct appeal. This explains the last two days of the thirty-day direct appeal period, but the petition contains no explanation regarding the first four weeks of the period. Even in his appellant's brief, he offers no explanation for his failure to act during the first four weeks of his direct appeal period. Instead, he argues that based on the "prison mailbox rule," he would have timely filed an appeal had he sent a pro se filing to the trial court instead of counsel.[2] That would be accurate if he had filed a notice of appeal that conformed to the Indiana Appellate Rules and not merely sent a letter expressing his desire to appeal.

In *Sewell v. State*, 939 N.E.2d 686, 687 (Ind. Ct. App. 2010), another panel of this Court dismissed a defendant's appeal despite the trial court's receipt of a letter from the defendant within the thirty-day period and the trial court's decision to purportedly grant the defendant additional time to file a timely appeal under Appellate Rule 9. Specifically, the *Sewell* court found the defendant's letter deficient to preserve his right to appeal because the letter did not "(1) specify whether the appealed judgment was a final judgment or an interlocutory order, (2) designate the court to which appeal was sought, (3) direct the trial

---

[2] *See Lawrence v. State*, 915 N.E.2d 202, 206 (Ind. Ct. App. 2009) ("prison mailbox rule" provides that pro se filings from incarcerated litigants are considered filed at time they are delivered to prison authorities for forwarding to court), *trans. denied* (2010).

6

court clerk to assemble the record, or (4) contain a request for a transcript. *See* App. R. 9(F)." *Id*. at 686. Likewise, King's letter to counsel did not contain the information required to preserve his right to appeal. As such, the prison mailbox rule would not have operated in his favor even if he had mailed the same letter directly to the trial court.

In sum, King failed to file a timely notice of appeal and has failed to prove what action, if any, that he took during the first four weeks of the direct appeal period to secure that appeal. Instead, his petition and briefs merely indicate that shortly before the direct appeal deadline, he sent a letter (not a notice of appeal) to counsel (not to the trial court). He did not use a means of communication that would have confirmed counsel's immediate receipt and knowledge of his desire to appeal, and he has not demonstrated that he made any earlier attempt to reach counsel by the same or any other means. Thus, he has not met his burden of establishing by a preponderance of evidence that his failure to file a timely appeal was not his fault. As a result, we find no error in the trial court's denial of his petition for permission to file a belated appeal. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.