NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-301                                          Appeals Court


    SEAN FITZPATRICK  vs.  DEPARTMENT OF CORRECTION & others.[1]


                        No. 22-P-301.

      Middlesex.     January 12, 2023. - May 18, 2023.

            Present:  Meade, Rubin, & Blake, JJ.



Imprisonment, Grievances, Earnings of prisoner.  Notice,
    Timeliness.  Jurisdiction, Judicial review of
    administrative action.  Practice, Civil, Amendment of
    complaint.




    Civil action commenced in the Superior Court Department on
October 24, 2018.

    The case was heard by Kathleen M. McCarthy-Neyman, J., on
motions for judgment on the pleadings.


    Sean Fitzpatrick, pro se.
    Veronica E. DeDosantos for the defendants.


_____

    [1] Thomas Turco, Steven Kenneway, and Sandra Walsh.  The
defendants were sued individually and in their official
capacities.  As pertinent here, Turco was the Commissioner of
Correction, Kenneway was the superintendent of Massachusetts
Correctional Institution, Shirley (MCI-Shirley), and Walsh was
the institutional grievance coordinator at MCI-Shirley.

MEADE, J.  The plaintiff, Sean Fitzpatrick, is an inmate in the custody of the Department of Correction (DOC) at the Massachusetts Correctional Institution, Shirley (MCI-Shirley or institution).  The plaintiff sought judicial review of DOC's[2] denial of a grievance he filed in 2018, in which he objected to DOC's refusal of his request to transfer funds externally from his inmate account.  A Superior Court judge granted judgment for DOC and determined that the plaintiff's claim was time barred, and that he had failed to comply with DOC's regulations governing disbursement of inmate funds.  We reverse.

1.  Background.  In 2018, the plaintiff submitted a request to disburse funds from his inmate account at MCI-Shirley to an individual outside the institution.  The plaintiff requested the disbursement from funds he held in his inmate account but had earned and saved for retirement before he was incarcerated.  He had requested similar disbursements in prior years and followed the same procedure for the 2018 request as he had in the past.[3] On this occasion, his request was denied.

The plaintiff filed both an informal and a formal grievance challenging the denial of his disbursement request.  Defendants

---

[2] Unless otherwise noted, we refer to the defendants collectively as DOC.

[3] The plaintiff stated during the motion hearing and in a posthearing submission to the judge that he submitted the form required under DOC's regulations for all disbursement requests.

Steven Kenneway and Sandra Walsh, as MCI-Shirley's superintendent and institutional grievance coordinator, respectively, denied both grievances. The reason stated for the denials was that no funds would be released without the superintendent's approval. The denials cited 103 Code Mass. Regs. § 405 (2017), the section of DOC's regulations governing inmate funds and the only inmate funds policy in place at that time. In 2019, DOC issued a new standard operating procedure (SOP) as an addendum to the regulations governing disbursement of inmate funds.

The plaintiff appealed the denial of his formal grievance, and on September 18, 2018, Kenneway denied the appeal. This time, the denial stated that "[a]ny distribution of funds from any inmate account will be approved if the request conforms with policy. . . . Any request that does not conform will be denied."

The plaintiff filed a complaint for judicial review of the grievance denial. His complaint was docketed in the Superior Court on October 24, 2018. However, the complaint was dated October 10, 2018, and the plaintiff stated during the motion hearing that he placed the complaint in the prison mail system on that day. He also submitted an "Inmate Transaction Report" (transaction report) for the month of October 2018 showing

withdrawals from his account of $1.34 for shipping on October 11, 2018, and $275 for the court filing fee on October 15, 2018.[4]

The parties filed cross motions for judgment on the pleadings and the judge ruled in DOC's favor, dismissing the case in February 2020.[5] See Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974).

2. Standard of review. DOC's final decision with respect to an inmate grievance is subject to judicial review under G. L. c. 30A, § 14. See G. L. c. 127, § 38H; Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 130-131 (2013). Inmate grievance appeals therefore differ from disciplinary appeals, which inmates must file as certiorari actions under G. L. c. 249, § 4. See Grady, supra at 131. Under G. L. c. 30A, § 14 (7), we may set aside or modify DOC's decision if we determine "that the substantial rights of any party may have been prejudiced" for any one of a range of reasons, including that the decision exceeded the statutory authority or jurisdiction of the agency, was based on an error of law, was made upon unlawful procedure, was unwarranted by facts found in the record as submitted or as amplified, or was arbitrary or

_____

[4] The plaintiff submitted the transaction report as an exhibit to his motion to reconsider. See note 5, infra.

[5] The plaintiff also filed a motion to reconsider, which the judge denied in July 2020.

capricious, an abuse of discretion, or otherwise not in accordance with law.  See Sullivan v. Superintendent, Mass. Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 772 (2022).

3.  Discussion.  a.  Timeliness of the complaint.  The plaintiff claims that the judge erred by dismissing his complaint as untimely.  Under G. L. c. 30A, § 14 (1), an action for judicial review must "be commenced in the court within thirty days after receipt of notice of the final decision of the agency."  The superintendent's decision on a grievance appeal is the "final decision of the agency" for purposes of § 14 (1).  See Grady, 83 Mass. App. Ct. at 135.  Here, the superintendent denied the plaintiff's grievance appeal on September 18, 2018.  The thirty-day limitations period therefore expired on October 18, 2018, and the complaint did not reach the docket of the Superior Court until October 24, 2018.  On this basis, the judge found the complaint was time-barred.[6]

---

[6] The plaintiff claims on appeal that the thirty-day filing period began to run on September 30, 2018, because prison authorities did not notify him of the September 18 decision until twelve days later.  The plaintiff made this argument for the first time in his motion to reconsider.  "We review a decision on a motion for reconsideration for abuse of discretion."  Kauders v. Uber Techs., Inc., 486 Mass. 557, 568 (2021).  It was within the judge's discretion not to consider a new argument raised in a motion for reconsideration.  See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 312 (2009).

In reaching this conclusion, however, the judge did not address the plaintiff's claim that his late filing should be excused because he placed the complaint in the prison mail system before the thirty-day period expired.[7]  Generally, G. L. c. 30A, § 14 (1), "contemplates that the clerk must receive the complaint (or a document called an appeal) within thirty days of the receipt of notice of the agency decision."  Harper v. Division of Water Pollution Control, 412 Mass. 464, 467 (1992).  However, under both Massachusetts and Federal law, "a pro se inmate's notice of appeal is to be considered filed at the moment it is delivered to the prison authorities."  Commonwealth v. Hartsgrove, 407 Mass. 441, 445 (1990), citing Houston v. Lack, 487 U.S. 266, 270-272 (1988).  See Fallen v. United States, 378 U.S. 139, 144 (1964) (inmate's notice of appeal in criminal case filed when mailed).  Since 2019, the Massachusetts rules of appellate procedure have applied the so-called "prison mailbox rule" to filings in both civil and criminal appeals by a pro se party confined in an institution.  See Mass. R. A. P. 4 (d), as appearing in 481 Mass. 1606 (2019) ("If [a self-represented, incarcerated] party files a notice of appeal in either a civil or criminal case, the notice is timely if

---

[7] The plaintiff made this argument during the hearing on the parties' cross motions for judgment on the pleadings.  He specifically invoked the "prison mailbox rule" in a posthearing motion and in his motion to reconsider.

deposited in the institution's internal mail system on or before the last day for filing"); Mass. R. A. P. 13 (a) (2), as appearing in 481 Mass. 1624 (2019) (same for appellate filings other than notice of appeal). Federal circuit courts have extended the prison mailbox rule to habeas petitions and filings in civil suits.[8] See, e.g., Houston, supra at 268 (appeal from denial of habeas petition); Casanova v. Dubois, 304 F.3d 75, 79 (1st Cir. 2002) (complaint under 42 U.S.C. § 1983); Cooper v. Brookshire, 70 F.3d 377, 380 (5th Cir. 1995) (all civil complaints). Federal law does not recognize the prison mailbox rule in cases where the applicable statute or regulation requires delivery by a specified time. See Fex v. Michigan, 507 U.S. 43, 52 (1993).

Our appellate courts have not previously extended the prison mailbox rule to complaints for judicial review of a DOC grievance decision. In Harper, the Supreme Judicial Court held that, outside the prison context, a G. L. c. 30A, § 14, action is commenced when the clerk receives the complaint. See Harper,

---

[8] Federal courts vary regarding application of the prison mailbox rule to filings internal to the Bureau of Prisons' grievance procedure. See, e.g., Nigro v. Sullivan, 40 F.3d 990, 996 (9th Cir. 1994) (rule does not apply to filing deadlines during grievance process); Cordoba vs. Shartle, U.S. Dist. Ct., No. 4:09-cv-3015 (N.D. Ohio June 23, 2010) (rule applies during grievance process). The plaintiff here seeks judicial review of a final agency decision, so his complaint is not a filing internal to the grievance process.

412 Mass. at 467. The Massachusetts rules of civil procedure, which apply to G. L. c. 30A, § 14, actions, permit commencement of an action by mailing the complaint. See Mass. R. Civ. P. 3, as appearing in 488 Mass. 1401 (2021). However, the court in Harper reasoned that the phrase "commenced in the court" (emphasis added) in G. L. c. 30A, § 14, meant that complaints under that section must be received, not mailed, within the thirty-day period. See Harper, supra.

The question of when an inmate's G. L. c. 30A, § 14, action is "commenced" was not before the court in Harper. In the context of this case, an action for judicial review of a grievance under § 14 should be considered "commenced" at the moment the inmate delivers the complaint to the prison authorities. See Hartsgrove, 407 Mass. at 445. The prison mailbox rule serves the same purpose in an administrative appeal as it does in a criminal or civil appeal. As the United States Supreme Court reasoned in Houston, a "pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Houston, 487 U.S. at 271. See Hartsgrove, supra ("It would be unfair to hold the [inmate] accountable for the vagaries, if any, of the prison mail system"). The same logic applies to an inmate's complaint for judicial review of a grievance. The rule applies only in the

narrow context of an incarcerated party who proceeds pro se and who verifiably delivers a complaint to prison authorities, for purposes of mailing, within the limitations period. Extending it to § 14 complaints therefore does not contradict the general rule in Harper, which concerned unincarcerated plaintiffs. See Harper, 412 Mass. at 467. Furthermore, although the rules of civil procedure govern § 14 actions, and the thirty-day deadline is statutory, applying the prison mailbox rule to those complaints is consistent with the 2019 amendments to Mass. R. A. P. 4 and 13.

In this case, according to the plaintiff, he placed the complaint in the prison mail system on October 10, 2018. His complaint was dated the same day. The transaction report for his inmate account showed withdrawals for postage on October 11 and for the court filing fee on October 15. DOC did not dispute these facts.[9] See Hartsgrove, 407 Mass. at 446-447. Because the record showed he delivered the complaint to the prison mail system within thirty days after the superintendent's decision on his grievance, the judge should have accepted it as timely.[10]

---

[9] If DOC had disputed them, the burden would be on DOC to show that the complaint was not timely placed in the prison mail system. See Hartsgrove, 407 Mass. at 446-447.

[10] Both parties cite Superior Court cases involving certiorari actions to support their positions. See G. L. c. 249, § 4. These cases are not binding on this court. In any event, because the plaintiff filed for judicial review of a

b.  DOC's disbursement procedure.  The plaintiff asserts that the funds he sought to disburse were not subject to DOC's inmate funds regulations because he did not earn them while incarcerated.  He further claims that the judge erred by relying on DOC's assertions about his noncompliance with the disbursement procedure and by relying on DOC's SOP on inmate funds.  Although we determine that the plaintiff's funds did not fall outside the regulations, we also conclude that the judge erred in finding the plaintiff was noncompliant.

DOC's inmate funds regulations are set out in 103 Code Mass. Regs. § 405.  The purpose of the regulations is to "set [DOC] policy concerning the proper handling and distribution of inmate funds."  103 Code Mass. Regs. § 405.01.  The regulations do not define "inmate funds."  See 103 Code Mass. Regs. § 405.05 (definitions).  And the plaintiff is correct that § 405.07 of the regulations applies only to "inmate wages and stipends." See 103 Code Mass. Regs. § 405.07.  However, several other sections indicate that inmate funds may come from various sources.  Specifically, § 405.06 covers "inmate savings bonds previously purchased," § 405.11 governs the handling of funds from outside donors or the United States Treasury, and § 405.15

grievance decision under G. L. c. 30A, § 14, and not for review of a disciplinary decision under G. L. c. 249, § 4, those cases are inapposite.  We offer no opinion on whether the prison mailbox rule applies to inmates' certiorari actions.

covers donations into the inmate's account from outside individuals or organizations. See 103 Code Mass. Regs. §§ 405.06, 405.11, 405.15. Contrary to the plaintiff's claim, any funds he holds in his inmate account are subject to the inmate funds regulations.

DOC's procedure for disbursement of inmate funds is set out in 103 Code Mass. Regs. § 405.12. Section 405.12 applies "[w]henever an inmate wishes to initiate the withdrawal of funds from his or her personal account," which includes the plaintiff's disbursement request. Section 405.12 required the plaintiff to complete a withdrawal slip form with the following information: "(a) Date; (b) Amount to be withdrawn (marked cash or check/payee); (c) Purpose; (d) Inmate's signature; and (e) Staff verification signature." The plaintiff asserts that the judge improperly found that he did not comply with that procedure.[11]

---

[11] Under 103 Code Mass. Regs. § 405.07, certain disbursements may be made only in circumstances of "compelling need." The "compelling need" provision, however, applies only to "earned" funds and therefore is irrelevant to the case before us. See 103 Code Mass. Regs. § 405.07 ("In accordance with [G. L. c.] 127, § 48A, inmates may expend earned savings and earned personal funds for circumstances of compelling need with the approval of the Superintendent. Such requests shall be submitted in writing to the Superintendent"). Before us, DOC has not indicated in what way the plaintiff failed to comply with the regulations, observing only that the administrative record the DOC itself compiled does not contain the withdrawal slip submitted by the plaintiff. In the trial court, DOC did not dispute that the plaintiff had made a request for

When reviewing a DOC decision, the judge should determine whether the decision was warranted by facts found in the record. See G. L. c. 30A, § 14 (7). Here, the judge determined that neither the pleadings nor the administrative record showed that the plaintiff had complied with the disbursement procedure. The plaintiff's withdrawal slip was not part of the administrative record before the judge. However, both the grievance and the complaint stated that the plaintiff requested the disbursement in the same manner as he had done, successfully, in previous years. During the motion hearing, the plaintiff stated multiple times that he followed the relevant procedure and completed the required form. In fact, DOC did not deny that the plaintiff had completed the form and complied with § 405.12. Rather, it merely stated that the form was not in the administrative record.

Moreover, it was DOC's responsibility, not the plaintiff's, to file the administrative record of the entire proceedings, including the withdrawal slip. See G. L. c 30A, § 14 (4). The record that DOC filed was sparse, consisting of seven pages, and nowhere in the various decisions denying the plaintiff's

---

disbursement compliant with 103 Code Mass. Regs. § 405.12. It argued only that the plaintiff failed to comply with the 2019 SOP, discussed infra, which it described as a policy necessary to ensure that the "compelling need" standard under § 405.07 is met.

informal complaint and his grievance did any DOC official assert that the denial was based on the plaintiff's failure to submit the required form. In these circumstances, the judge should not have accepted the form's absence from the record, along with DOC's admission that "we couldn't find" the form, as proof that the plaintiff had never filed it. On remand, any remaining dispute about this issue may be resolved, if necessary, under G. L. c. 30A, § 14 (4) (corrections or additions to record) or § 14 (5) (alleged irregularities in agency procedure, not shown in record).

The judge also stated in her decision that DOC was entitled to verify the plaintiff's disbursement request with a bill, invoice, or order form. However, DOC began requiring those documents only after it issued its SOP on disbursement of inmate funds in 2019. Section 405.12 was the procedure in place at the time of the plaintiff's request at issue here, and it did not require backup documents. Because the SOP took effect months after the plaintiff's request, it was error for the judge to rely on DOC's assertions about it.[12]

---

[12] The plaintiff claims, for the first time on appeal, that DOC's June 2019 SOP was subject to the notice and comment requirement under G. L. c. 30A, § 2. "An issue not raised or argued below may not be argued for the first time on appeal." Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989). Accordingly, this claim is waived. Moreover, the plaintiff has clarified on appeal that his claims against defendant Thomas Turco, former

The plaintiff further claims on appeal that DOC improperly defended its actions on judicial review for reasons different from those stated when it originally acted.  This claim relates primarily to DOC's statements about the 2019 SOP, and as we have already concluded, it was improper for the judge to rely on those statements.  The plaintiff may further develop any other arguments related to the sufficiency of DOC's explanations on remand.

c.  <u>Amended complaint</u>.  Finally, the plaintiff also challenges the judge's dismissal of the case without considering his amended complaint.  The plaintiff moved to amend in October 2019.  It was within the judge's discretion to grant or deny the motion to amend at that time because the defendants had answered the complaint in May 2019.  See Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).  In any event, the judge eventually allowed the amendment in July 2020, months after dismissing the case. On remand, the judge may decide which is the operative complaint.[13]

---

Commissioner of Correction, relate to the adoption of the SOP without notice and comment.  Since the plaintiff did not articulate this claim against Turco in his complaint, the judge correctly concluded that neither the record nor the complaint alleged facts supporting a claim for relief against Turco.

[13] Perhaps for the first time on appeal, plaintiff has claimed that DOC did not provide a "reasoned explanation" for its decision.  DOC did not address this claim in its brief.  It also does not appear that the issue was squarely raised in the

4. <u>Conclusion</u>.  The plaintiff's complaint was timely, and the grounds for affirming DOC's decision were, on this record, insufficient.  So much of the judgment that dismisses the plaintiff's complaint as to defendant Thomas Turco is affirmed.  In all other respects, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

<u>So ordered</u>.

---

plaintiff's motion for judgment on the pleadings.  In any event, because this matter is being remanded, and because the adequacy of DOC's explanations involves questions of fact, the judge should address it on remand.  To assist in that determination, DOC shall provide a complete record regarding the reasons given for the denial of the disbursement.  See G. L. c. 30A, § 14 (5) (judicial review is "confined to the record").