DENNIS CURLEY & another[1] *vs.* CITY OF LYNN & others.[2]

Suffolk. April 3, 1990. - July 12, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Civil Service*, Decision of Civil Service Commission, Termination of employment, Judicial review. *Statute*, Construction.

In an action before a single justice of this court for relief in the nature of certiorari, the plaintiffs were not entitled to an order setting aside the dismissal by a Municipal Court judge of their petition for review of a decision of the Civil Service Commission, where the record revealed no substantial error of law in the judge's dismissal of the petition as untimely. [40-42]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 7, 1989.

The case was heard by *Nolan,* J.

*John N. Nestor* for the city of Lynn.

*Edward P. Reardon* for the plaintiffs.

O'CONNOR, J. This is an appeal by the city of Lynn from an order of a single justice of this court setting aside the dismissal of the action in the Boston Municipal Court Department. We reverse the order of the single justice.

The city of Lynn discharged the plaintiffs from their civil service positions as police officers for violating the Lynn police department's rules and regulations. The officers appealed to the Civil Service Commission (commission) pursuant to G. L. c. 31, § 43 (1988 ed.). After a hearing, a hearing officer of the commission found facts and recommended that the discharge of the plaintiff officers be affirmed. The com-

[1]William Giles.

[2]The Civil Service Commission and the Boston Municipal Court Department.

mission adopted the hearing officer's findings and recommendation by a decision issued on January 14, 1987.

On February 18, 1987, the plaintiffs requested the commission to reconsider its decision and to permit the plaintiffs to submit additional evidence. On March 11 and 25, 1987, the commission voted to deny the requests. The requests were denied without a hearing. On April 8, 1987, the plaintiffs filed in the Boston Municipal Court a petition for review of the commission's decision pursuant to G. L. c. 31, § 44 (1988 ed.). A judge of that court then dismissed the petition as untimely, on Lynn's motion.

The plaintiffs sought review of the action of the Boston Municipal Court judge by the filing of a complaint for extraordinary review under G. L. c. 249, § 4 (1988 ed.) (certiorari), in the Supreme Judicial Court for Suffolk County. The plaintiffs moved for summary judgment, and a single justice set aside the Municipal Court judge's order dismissing the plaintiffs' petition for review (appeal) of the commission's decision, thus effectively reinstating the petition for review.

Review under G. L. c. 249, § 4, is limited to the correction of "a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff." *Carney* v. *Springfield*, 403 Mass. 604, 605 (1988). We are satisfied that no such error of law occurred in this case. The plaintiffs' petition for review that was filed in the Boston Municipal Court was authorized, if at all, by G. L. c. 31, § 44. That statute provides: "Within thirty days after receiving notice of the decision of the commission following a hearing requested by him pursuant to section forty-two or section forty-three, a person may, if he is aggrieved by such decision, file a petition to review the commission's decision in the municipal court of the city of Boston . . . ." The commission reached its decision on January 14, 1987. Although the record does not disclose precisely when the plaintiffs received notice of that decision, it is obvious that the plaintiffs received notice no later than February 18, 1987, on which date they filed with the commission their requests for reconsideration and for leave to submit new evidence. Since the petition for review was filed

on April 8, 1987, it was filed more than thirty days after the plaintiffs received the relevant notice. Thus, dismissal of the petition as untimely was appropriate.

The plaintiffs argue that the commission's rejection of their requests for reconsideration and for leave to reopen the evidence constituted a decision or decisions triggering a new thirty-day appeal period. We think it is clear that the decision to which G. L. c. 31, § 44, refers is the commission's substantive decision concerning the validity of the action taken by the appointing authority (Lynn). It is highly unlikely that the Legislature intended that a party seeking review should be able to restart the appeal period at will by simply petitioning for reconsideration or further hearing. Furthermore, the commission's rejection of the plaintiffs' requests to reopen the case did not, in the language of c. 31, § 44, "follow[ ] a hearing requested by [the plaintiffs] pursuant to section forty-two or section forty-three." No hearing on the requests for reconsideration and reopening was requested, compelled, or held pursuant to those sections, and nothing in those sections suggests that they even contemplate such requests.

The plaintiffs rely heavily on Rule 4.3 (m) and (n) of the Civil Service Hearing Rules of Practice and Procedure (1987). Rule 4.3 (m) provides that, "[a]t any time after the close of a hearing any Party may move to rehear if there is new evidence to be introduced. . . . A denial of Motion to Rehear, if a final Decision has been previously rendered, shall be considered a final Decision for purposes of calculating times for filing petitions to review." Rule 4.3 (n) provides: "Motion to Reconsider. After a Decision has been rendered, a Party may move to reconsider if it desires that the record be again looked at by the Commission. A denial of a Motion to reconsider shall be considered a final Decision for purposes of calculating times for filing petitions to review." Those rules would seem to support the plaintiffs' position. However, in the absence of statutory authorization, the commission through its civil service hearing rules cannot modify the statutorily prescribed time limits for filing petitions for

review. *Hartford Accident & Indem. Co.* v. *Commissioner of Ins.*, 407 Mass. 23, 28-29 (1990). No such authorization has been demonstrated here.

We conclude that the judge of the Boston Municipal Court correctly dismissed the plaintiffs' petition for review as untimely. We reverse the order of the single justice.

*So ordered.*