NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-1290                                    Appeals Court

PHILLIP CUCCHI & another[1]  vs.  CITY OF NEWTON & others.[2]

No. 17-P-1290.

Suffolk.     June 4, 2018. - August 16, 2018.

Present:  Maldonado, Sacks, & Lemire, JJ.

Civil Service, Decision of Civil Service Commission, Judicial review, Promotion, Fire fighters.  Fire Fighter. Declaratory Relief.

Civil action commenced in the Superior Court Department on November 10, 2016.

A motion to dismiss was heard by Joseph F. Leighton, Jr., J.

Patrick N. Bryant for the plaintiffs.
Jonah M. Temple, Assistant City Solicitor, for city of Newton.
Douglas S. Martland, Assistant Attorney General, for Civil Service Commission & another.

---

[1] Ed Melendez.

[2] The Civil Service Commission and the human resources division of the Commonwealth.

SACKS, J.  In Curley v. Lynn, 408 Mass. 39, 41-42 (1990), the court held that a person seeking judicial review of a Civil Service Commission (commission) decision under G. L. c. 31, § 44, as then in effect, was required to file a petition seeking such review within thirty days of receipt of the commission's decision, and that such time was not tolled by filing a request for reconsideration with the commission.  Section 44 was subsequently amended in 1992, primarily to shift jurisdiction to conduct judicial review to the Superior Court, but also to include a cross-reference to judicial review under G. L. c. 30A, § 14.  Section 14(1) provides that the timely filing of a petition for rehearing with an agency tolls the time for seeking judicial review of the agency decision.

The question we face here is whether § 44, as now in effect, continues to impose the strict thirty-day deadline for seeking review of commission decisions identified in Curley, or instead whether its cross-reference to § 14 means that the time for seeking review is tolled by the timely filing of a petition for rehearing.  We conclude that § 44 continues to impose a strict thirty-day deadline and, thus, we affirm the portion of the judgment dismissing, as untimely, the plaintiffs' claim for judicial review.  As for the plaintiffs' claim for declaratory relief, however, which was dismissed without explanation, we

vacate that portion of the judgment and remand for further proceedings.

Background.  The complaint alleged that the plaintiffs, fire fighters for the city of Newton (city), were on a list issued in 2014 by the human resources division (division) of persons eligible for promotion to the position of captain.  In March of 2016, shortly before the list was scheduled to expire and to be replaced by a new list, the city promoted another candidate, Gregory Gentile, to a captain position.  Gentile was ranked higher than the plaintiffs on the expiring list, but lower than them on the new list.  The plaintiffs alleged that the city's use of the expiring list violated a division rule known as Personnel Administration Rule (rule) 08 and that Gentile's appointment reflected improper favoritism; they asked the commission to conduct an investigation under G. L. c. 31, § 2(a).

The commission received submissions from the parties and held a show cause hearing.  On September 1, 2016, the commission issued a decision[3] concluding, among other things, that the city

_____

[3] The commission styled its determination as a "response," seemingly to avoid any suggestion that the commission viewed the determination as a "decision" judicially reviewable under § 44, as appearing in St. 1992, c. 133, § 351 (providing for review of "final order or decision" of commission).  For convenience, we use the term "decision," without expressing any view on the reviewability issue.  See note 13, infra.

had not violated rule 08, as the commission interpreted that rule, and "that an investigation, beyond that already conducted here, is not warranted."  On September 7, the plaintiffs filed a motion for reconsideration.[4]  On October 13, the commission denied the motion.

On November 10, the plaintiffs filed a complaint in Superior Court, seeking judicial review of the commission's September 1 decision (count I) and a declaratory judgment that the commission's interpretation of rule 08 was erroneous and adversely affected the plaintiffs' rights (count II).[5]  On the defendants' motion, a judge ordered dismissal of the entire complaint.  The judge concluded that the claim for judicial review was untimely under G. L. c. 31, § 44, because it was filed more than thirty days after the plaintiffs received the

---

[4] The standard adjudicatory rules of practice and procedure for State agencies, adopted under G. L. c. 30A, § 9, provide in pertinent part:  "A motion for reconsideration shall be deemed a motion for rehearing in accordance with . . . G. L. c. 30A, § 14(1) for the purposes of tolling the time for appeal."  801 Code Mass. Regs. § 1.01(7)(l) (1998).  The record reflects that the commission, although excluded from the definition of "agency" under G. L. c. 30A, § 1, has chosen to operate under these rules, while recognizing that the provisions of G. L. c. 31 take precedence over any conflicting rules.  See Curley, 408 Mass. at 41-42 (absent statutory authorization, commission may not, through adopting procedural rules, modify statutory time limit for seeking judicial review of its decisions).

[5] The complaint also requested review of the October 13 order denying reconsideration.  On appeal, the plaintiffs make no separate argument regarding that order.

commission decision and because the plaintiffs' motion to reconsider did not toll the running of that thirty-day period. The judge did not separately discuss the claim for declaratory relief. The plaintiffs appeal the resulting judgment of dismissal.

Discussion. 1. Claim for judicial review. In 1990, when the Supreme Judicial Court concluded in Curley that a motion for reconsideration did not toll the thirty-day deadline of § 44, that section provided in pertinent part:

> "Within thirty days after receiving notice of the decision of the commission following a hearing requested by him pursuant to section forty-two or section forty-three, a person may, if he is aggrieved by such decision, file a petition to review the commission's decision in the municipal court of the city of Boston or in the district court for the judicial district wherein such person resides."

G. L. c. 31, § 44, inserted by St. 1978, c. 393, § 11. See Curley, 408 Mass. at 40.

The Legislature adopted new versions of § 44 in 1991[6] and, more relevant here, in 1992. The 1992 version, which remains in effect, provides in pertinent part:

---

[6] The 1991 version provided:

"Any party aggrieved by a final decision of the commission following a hearing pursuant to any section of this chapter or chapter thirty-one A may institute proceedings for judicial review in the appeals court within thirty days after receipt of such decision. The proceedings in the appeals court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A."

> "Any party aggrieved by a final order or decision of the commission following a hearing pursuant to any section of this chapter or chapter thirty-one A may institute proceedings for judicial review in the superior court within thirty days after receipt of such order or decision. Any proceedings in the superior court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A, and may be instituted in the superior court for the county (a) where the parties or any of them reside or have their principal place of business within the commonwealth, or (b) where the commission has its principal place of business, or (c) of Suffolk.  The commencement of such proceedings shall not, unless specifically ordered by the court, operate as a stay of the commission's order or decision."

G. L. c. 31, § 44, as appearing in St. 1992, c. 133, § 351.[7]

The requirement for filing within thirty days after receipt of the commission decision remains essentially unchanged since the court decided Curley.  Unless some other language in the current § 44 has relaxed that requirement, the judge here correctly dismissed the plaintiffs' claim for judicial review. "With extremely rare exceptions not relevant here, failure to timely file is . . . typically an absolute bar to a plaintiff's ability to obtain judicial review of a final agency action." Herrick v. Essex Regional Retirement Bd., 68 Mass. App. Ct. 187, 190 (2007).

The plaintiffs argue that the thirty-day requirement is now modified by the reference in § 44 to proceedings in the Superior

---

G. L. c. 31, § 44, as appearing in St. 1991, c. 138, § 113.
     [7] Hereinafter, we refer to this version of c. 31, § 44.

Court being governed by G. L. c. 30A, § 14, which the plaintiffs view as incorporating § 14 in its entirety into § 44.  It follows, the plaintiffs argue, that § 44 is subject to the provision in § 14(1) that an action for judicial review

> "shall, except as otherwise provided by law, be commenced in the court within thirty days after receipt of notice of the final decision of the agency <u>or if a petition for rehearing has been timely filed with the agency, within thirty days after receipt of notice of agency denial of such petition for rehearing</u>" (emphasis added).

G. L. c. 30A, § 14(1), as amended through St. 1998, c. 463, § 33.

We see numerous difficulties with the plaintiffs' interpretation.  First, § 44 suggests that the only provisions of § 14 intended to apply with respect to the commission are those that concern court proceedings <u>after</u>, not before, an action for judicial review is filed.  In one sentence, § 44 states that an aggrieved party "may institute proceedings for judicial review in the superior court within thirty days after receipt of [the commission's final] order or decision."  This sentence governs when judicial proceedings must be instituted, and it contains no tolling provision and no reference to § 14.  The next sentence governs how such proceedings, if instituted, are to be conducted:  "Any proceedings in the superior court shall, insofar as applicable, be governed by [G. L. c. 30A, § 14,] . . . ."  This reference to § 14 is not naturally read as

addressing matters (such as the filing of a motion to reconsider) that arise before any court proceedings are instituted.

Second, § 44 includes not one but three provisions that, although similar to the corresponding provisions in § 14, depart from them in material ways. Most obviously, the § 44 thirty-day time limit for seeking judicial review omits any tolling provision like the one in § 14. In addition, § 44 is patterned on, yet differs from, § 14 on the issues of venue[8] and stays of agency decisions.[9] If the plaintiffs were correct that § 44 was nevertheless intended to incorporate the entirety of § 14, then these three differing provisions of § 44 would be rendered superfluous. This would violate a basic tenet of statutory

---

[8] Section 44 makes venue proper in "the county (a) where the parties or any of them reside or have their principal place of business within the commonwealth, or (b) where the commission has its principal place of business, or (c) of Suffolk" (emphasis added). Section 14(1), as amended through St. 1998, c. 463, § 33, in contrast, makes venue proper in "the county (a) where the plaintiffs or any of them reside or have their principal place of business within the commonwealth, or (b) where the agency has its principal office, or (c) of Suffolk" (emphasis added).

[9] Section 44 provides: "The commencement of [judicial review] proceedings shall not, unless specifically ordered by the court, operate as a stay of the commission's order or decision" (emphasis added). Section 14(3), as appearing in St. 1973, c. 1114, § 3, in contrast, provides: "The commencement of an action [for judicial review] shall not operate as a stay of enforcement of the agency decision, but the agency may stay enforcement, and the reviewing court may order a stay upon such terms as it considers proper" (emphasis added).

construction:  "Wherever possible, we give meaning to each word in the legislation; no word in a statute should be considered superfluous."  International Org. of Masters, Mates & Pilots, Atl. & Gulf Maritime Region, AFL-CIO v. Woods Hole, Martha's Vineyard & Nantucket S.S. Authy., 392 Mass. 811, 813 (1984).

Third, language in both statutes suggests that not all of § 14 applies to judicial review proceedings under § 44. Specifically, § 44 states that "proceedings in the superior court shall, insofar as applicable, be governed by [§ 14]" (emphasis added).  And § 14, as appearing in St. 1973, c. 1114, § 3, states that "[w]here a statutory form of judicial review or appeal is provided[,] such statutory form shall govern in all respects, except as to standards for review" (emphasis added).[10] Furthermore, the language of § 14(1), as amended through St. 1998, c. 463, § 33, concerning the time limit for seeking judicial review applies "except as otherwise provided by law." Moreover, to whatever extent there may be a conflict between § 44 and § 14, it is § 44, as the later-adopted statute and the

---

[10] Section 14, as appearing in St. 1973, c. 1114, § 3, continues, "The standards for review shall be those set forth in paragraph (7) of this section, except so far as statutes provide for review by trial de novo."  The standards for review of commission decisions are not at issue here.

one more specific to the commission, that would control.[11]  See

Doe v. Attorney Gen. (No. 1), 425 Mass. 210, 215 (1997).

Fourth and finally, shortly after the court held in Curley

that the time under § 44 for seeking judicial review of

commission decisions was not tolled by filing a request for

reconsideration with the commission, the Legislature adopted two

new versions of § 44, in 1991 and again in 1992.  See

discussion, supra.  "We presume that the Legislature enacts

legislation with 'an aware[ness] of the prior state of the law

as explicated by the decisions of [the Supreme Judicial

Court].'"  Commonwealth v. Mogelinski, 466 Mass. 627, 646

(2013), quoting from Commonwealth v. Callahan, 440 Mass. 436,

441 (2003).  If the Legislature had intended to alter

prospectively the result reached in Curley, we would expect the

Legislature to have done so in clear terms.  It would have been

a simple matter to add specific tolling language to § 44,

similar to the language in § 14(1) on which the plaintiffs now

rely.  Or, if the Legislature had intended (as the plaintiffs

argue) to make all of § 14 applicable to commission decisions,

---

[11] Since the adoption of the current version of § 44 in
1992, § 14 has been amended twice.  The first amendment, see
St. 1998, c. 463, § 33, removed from § 14(1) the reference to
G. L. c. 6, § 32, and added the phrase "except as otherwise
provided by law," a phrase that does not aid the plaintiffs'
argument.  The second amendment, see St. 2015, c. 108, added to
§ 14(3) certain language concerning the sex offender registry
board, which also does not aid the plaintiffs.

§ 44 could have been amended simply to provide, without elaboration, that judicial review of commission decisions was to be governed by § 14. The Legislature did neither of these things. Instead, it settled upon a version of § 44 that adopted some language, but changed or rejected other language, from the corresponding provisions of § 14.

The foregoing considerations, taken together, persuade us that the filing of a motion to reconsider a commission decision does not toll the time for seeking judicial review of that decision.[12] We do not decide whether any of those considerations would be dispositive standing alone, nor do we decide any other question about the interpretation of § 44 or § 14. We conclude

---

[12] The plaintiffs argue with some force that this conclusion will result in wasteful and duplicative proceedings. They note our previous observation, in a case governed exclusively by § 14, that "[i]f a party determines to seek reconsideration of an agency ruling, it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration." Paquette v. Department of Envtl. Protection, 55 Mass. App. Ct. 844, 849 (2002), quoting from TeleSTAR, Inc. v. Federal Communications Commn., 888 F.2d 132, 134 (D.C. Cir. 1989). It is not universally the case, however, that a motion for reconsideration tolls the time for seeking judicial review. See, e.g., Malone v. Civil Serv. Commn., 38 Mass. App. Ct. 147, 151 (1995) (motion for reconsideration did not extend period to file complaint under certiorari statute, G. L. c. 249, § 4). The plaintiffs' argument is best directed to the Legislature.

only that the plaintiffs' claim for judicial review was correctly dismissed as untimely filed.[13]

2.  Claim for declaratory relief.  The judge dismissed the plaintiffs' claim for declaratory relief but gave no reason for doing so.  On appeal, the commission asks us to affirm that portion of the judgment on the ground that, as to its decision not to investigate further the city's March, 2016, promotion of Gentile, there is no actual controversy and the plaintiffs lack standing.  See Villages Dev. Co. v. Secretary of the Executive Office of Envtl. Affairs, 410 Mass. 100, 106 (1991) ("To secure declaratory relief in a case involving administrative action, a plaintiff must show that [1] there is an actual controversy; [2] he has standing; [3] necessary parties have been joined; and [4] available administrative remedies have been exhausted").

Unlike the commission, we do not read the plaintiffs' claim for declaratory relief as focused exclusively on the promotion of Gentile.  The plaintiffs also challenge the commission's interpretation of rule 08, a matter that the plaintiffs argue is significant to their own future promotional opportunities and to the obligations of the city (and many other municipalities).  A

---

[13] We therefore need not reach the commission's and the division's alternative arguments that (1) the commission's decision not to investigate further was so discretionary as to be unreviewable and (2) the plaintiffs were not aggrieved by that decision.

dispute about an agency's interpretation of a regulation may be an appropriate subject for declaratory relief if that interpretation is "consistently repeated" and applied and the other requirements for declaratory relief are met.  G. L. c. 231A, § 2, inserted by St. 1974, c. 630, § 1.  See Frawley v. Police Commr. of Cambridge, 473 Mass. 716, 725 (2016); Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 135-136 (2013).

The parties have not fully addressed in this appeal whether the plaintiffs' challenge to the commission's interpretation of rule 08 meets all of the requirements for declaratory relief. In these circumstances, we express no view on the question and instead remand the matter for further consideration in the Superior Court.

Conclusion.  So much of the judgment as dismissed the claim for declaratory relief (count II) is vacated, and the matter is remanded for further proceedings consistent with this decision. The remainder of the judgment is affirmed.

So ordered.