SUPERIOR COURT 
 
 JOHN EARLEY Plaintiff vs. CIVIL SERVICE COMMISSION Defendant

 
 Docket:
 21-328-H
 
 
 Dates:
 December 6, 2021
 
 
 Present:
 Peter B. Krupp Justice of the Superior Court
 
 
 County:
 SUFFOLK, SS.
 

 
 Keywords:
 MEMORANDUM AND ORDER ON DEFENDANT’S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PLAINTIFF’S MOTION TO EXTEND TIME FOR FILING APPEAL NUNC PRO TUNC
 
 

             Plaintiff John Earley filed this case on February 12, 2021, seeking judicial review of a decision by the Civil Service Commission (the “Commission”) pursuant to G.L. c. 30A, § 14, and G.L. c. 31, § 44. The Commission’s decision is dated November 19, 2020, and was emailed to the parties, including plaintiff, on the same date. Defendant now moves to dismiss because plaintiff filed this case more than thirty days after his receipt of the Commission’s decision, while plaintiff seeks to remedy the defect by moving to extend the time to file the case nunc pro tunc. For the following reasons, I must allow defendant’s motion to dismiss and deny plaintiff’s motion.
DISCUSSION
            A person aggrieved by an administrative decision may generally secure judicial review by filing a complaint in the Superior Court “within thirty days after receipt of notice of the final decision of the agency.” G.L. c. 30A, § 14(1). The statute specifically authorizing judicial review of Commission decisions imposes the same filing deadline. G.L. c. 31, § 44 (“Any party aggrieved by a final order or decision of the commission following a hearing . . . may institute
 
                                                            -1-
 
proceedings for judicial review in the superior court within thirty days after receipt of such order or decision.” (Emphasis added)). The filing of a complaint within thirty days is jurisdictional; the timing requirement cannot be waived and may only be excused or extended by the court in limited circumstances that do not apply here. G.L. c. 30A, § 14(1) (“Upon application made within the thirty-day period or any extension thereof, the court may for good cause shown extend the time.”); M aitland v. Board of Registration in Medicine, 448 Mass. 1006, 1007 (2007) (rescript) (decided under G.L. c. 30A, § 14); Rinaldi v. State Building Code Appeals Bd., 56 Mass. App. Ct. 668, 671 (2002) (same). See also Cucchi v. City of Newton, 93 Mass. App. Ct. 750, 753-756 (2018) (decided under G.L. c. 31, § 44).
            Plaintiff filed the complaint in this case on February 12, 2021, well outside the thirty-day window required for judicial review of the Commission’s decision, which expired on December 19, 2020. By way of explanation, plaintiff contends that he attempted to file the complaint electronically on December 17, 2020, and that “[d]ue to the delays in the Court system caused by Covid-19, the plaintiff waited until February to receive a response,” or to contact anyone to determine whether his case had been accepted for filing. He argues that the case was not filed earlier because of “[a] technical problem with a vendor hired by the State for filing.” See SJC Rule 1:25, Mass. R. E. F. 2, 15(a) (when a “filing is made untimely as a result of a technological failure of the Provider,” i.e. the “electronic filing service provider designated by the court,” the court may grant appropriate relief, including deeming documents filed as of the date they were first attempted to be submitted to the court electronically). But see Mass. R.E.F. 15(c) (“Problems on the User’s end . . . will not constitute a technological failure under the E-Filing Rules nor excuse an untimely filing.”).
 
 
                                                            -2-
 
            Plaintiff’s explanation is unsupported by any sworn statement by him or by any court staff or vendor providing e-filing services. Instead, plaintiff attaches two types of document, neither of which meaningfully supports the argument he advances.
            First, plaintiff’s motion to extend the time attaches two documents entitled “Envelope Information,” which describe each of the two “envelopes” he attempted to submit electronically on December 17, 2020 (Envelope Nos. 394350 and 399863). Both reference a different PDF file, but plaintiff has not submitted the contents of those files to the court. Moreover, both list the envelope’s “Filing Status” as “Cancelled.”
            Second, plaintiff’s opposition to the motion to dismiss attaches two emailed “efile” receipts for the same two “envelopes.” They indicate that on December 17, 2020, at 9:51 a.m., plaintiff electronically submitted seven pages for filing with the Superior Court (Envelope No. 394350); and at 10:23 a.m. the same day, he electronically submitted 14 pages for filing with the Superior Court (Envelope No. 399863). Plaintiff has not provided a copy of any of the pages he says were submitted to generate these receipts. More importantly, each emailed “efile” receipt indicates that it is only “a notification that the filing below has been SUBMITTED to the Clerk’s Office for review.” (Capitalization in original). Each receipt goes on to alert the recipient – here, plaintiff – that “[a] subsequent notification will issue when the Court ACCEPTS or REJECTS the document for electronic filing.” (Capitalization in original). See also Mass. R.E.F 4(d) (“Upon the clerk’s acceptance, the document shall be considered ‘filed’ with the court at the time the original submission to the e-filing system was complete.” (Emphasis added)).
            Plaintiff does not suggest he received notice that either of the documents he electronically submitted on December 17, 2020, was accepted by the Superior Court. The documentary record submitted by plaintiff – the emailed “efile” notices and the Envelope Information – could not
 
                                                            -3-
 
possibly have given plaintiff a reasonable belief that he had timely filed his complaint for judicial review. Plaintiff also admits he waited more than six weeks to inquire about whether the Court had received his filing. Such inaction by plaintiff cannot be attributed to court delay or congestion, or to COVID-19. In December 2020 and the first few months of 2021, the Superior Court was open for business notwithstanding the COVID-19 pandemic. Clerks were in the Suffolk Superior Courthouse, were returning phone calls and emails, and were conducting business daily. Plaintiff does not contend he called the Clerk’s Office any time before February 2021 to inquire about his filing.
            Plaintiff bears the burden to demonstrate that he has met the jurisdictional requirement to seek judicial review of an administrative decision. See Miller v. Miller, 448 Mass. 320, 325 (2007) (“The burden is on the party asserting jurisdiction to prove jurisdictional facts.”); Williams v. Episcopal Diocese of Mass., 436 Mass. 574, 577 n.2 (2002) (plaintiff responding to motion to dismiss under Mass. R. Civ. P. 12(b)(1) “bears the burden of proving jurisdictional facts”). See also Marchese v. Boston Redevelopment Auth., 483 Mass. 149, 156-157 (2019) (plaintiff has burden to establish standing, the question of which “is a jurisdictional matter,” to challenge actions of administrative agency). Plaintiff has failed to demonstrate what he attempted to file on December 17, 2020,[1] that his failure to make a timely filing was due to a technological failure of an electronic filing service provider designated by the court, or that he acted reasonably, or reasonably promptly, to determine whether his filing had been received or accepted by the court.
 
-------------------------------------
 
[1]The two-page complaint in this case is dated February 12, 2021, not December 17,  2020. Plaintiff has not persuasively explained why the documents he tried to submit in December involved more pages than the complaint filed in this docket.
 
                                                            -4-
 
ORDER
            Defendant’s Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Docket #10) is ALLOWED. Plaintiff’s Motion to Extend Time for Filing Notice of Appeal Nunc Pro Tunc (Docket #12) is DENIED.
 
/s/Peter B. Krupp Justice of the Superior Court
 
December 6, 2021
 
                                                            -5-